RED WING HOTEL COMPANY *vs.* JOHN FRIEDRICH and another.

June 26, 1879.

*Subscription to Stock of Corporation before its Creation—Conditions.*—Pending the statutory proceedings for the incorporation of the plaintiff company, defendants, with others, signed and executed a written instrument in terms as follows: " We, the subscribers, each for himself, and not for the others, do hereby subscribe and agree to pay for the number of shares of the capital stock of the corporation known as the Red Wing Hotel Company, set opposite our respective names; said shares to be * * paid for at such times and in such amounts as the board of directors of said corporation may, from time to time, require: * * *provided*, nevertheless, and our subscription is expressly upon the condition, that the hotel to be built by said corporation shall be by it built and located upon * * block forty-four, in Red Wing, otherwise this instrument to be and remain void." Upon the completion of its organization, this instrument and the subscriptions it contained were reported to the company, and accepted by it at the first meeting of its board of directors.

*Held*, 1, that defendants' subscription took effect as an agreement with the company at the time of its acceptance by the latter; 2, that defendants then became obligated to take the number of shares so subscribed for by them, and to pay therefor in such instalments and at such times as the board of directors might duly require; 3, that the building of the hotel was not a condition precedent to the right of the company to assess the stock and to collect the assessment.

Plaintiff brought this action in the district court for Goodhue county, to recover the amount of a subscription made by defendants to its capital stock. The complaint alleges that at the several times therein mentioned, the plaintiff was and now is "a corporation duly organized and created under the laws of the state of Minnesota," but does not state the object or any of the powers of such corporation. It further alleges that by the articles of incorporation, which were signed by each of the defendants, (who were partners in business,) the capital stock was fixed at $50,000, divided into 1,000 shares of $50 each, to be paid in instalments of not less than 10 per cent. at any one time, upon the call of the board of directors, upon notice to be published, etc. That on February 11, 1874, the defendants, with other persons, executed and delivered to

the plaintiff the following instrument, which was signed by the defendants in their partnership name of. Friedrich & Hack: "We, the subscribers, each for himself, and not for the others or any of them, do hereby subscribe and agree to pay for the number of shares of the capital stock of the corporation known as the Red Wing Hotel Company set opposite our respective names; said shares to be by us respectively paid for at such times and in such amounts as the board of directors of said corporation may from time to time require; said shares are fifty dollars each: *provided*, nevertheless, and our subscription is expressly upon the condition that the hotel to be built by said corporation shall be by it built and located upon the southeasterly corner of block 44, and the northwesterly corner of Bush and Main streets in the city of Red Wing, Minnesota; otherwise this instrument to be and remain wholly void. Dated at Red Wing, Minnesota, this 11th day of February, A. D. 1874.

"FRIEDRICH & HACK, twenty shares."

The complaint further alleges that the hotel was located as required in such instrument prior to May 1, 1874, and was built by plaintiff, on such location, prior to August 1, 1875; that on May 11, 1874, the board of directors of the company called for a first instalment of 50 per cent., to be paid on May 25, 1874, and on August 1, 1874, for a second instalment of 50 per cent., payable August 18, 1874, and gave notice thereof by publication as required in the articles; that the defendants have paid but $354.91, on the first call, and nothing on the second; and that on December 9, 1875, the plaintiff duly tendered to defendants a certificate for 20 shares of its stock, and demanded payment of the amount remaining due on their subscription.

By consent of parties the action was referred to E. T. Wilder, Esq., who found the facts, in substance, as follows: On January 22, 1874, each of the defendants, with seven other residents of Red Wing, for the purpose of becoming incorporated by the name of the Red Wing Hotel Company, duly

adopted, signed and executed articles of incorporation, which provided that the time of the commencement of the corporation should·be February 1, 1874, and that the general nature of its business should be the building of a hotel in the city of Red Wing, and the furnishing and operating, or the leasing of the same, as the corporation should deem best for its interests.   These articles were duly filed and recorded in the registry of deeds of Goodhue county on January 26, 1874, and in the office of the secretary of state on January 30, 1874, and were duly published, as required by law, for four weeks, beginning January 31, 1874, the proper proof of publication being filed and recorded on March 3, 1874.   The first board of directors was named in the articles, and held a meeting on March 4, 1874, at which time the subscription paper before mentioned was reported to, and accepted and approved by, the board. ᐧ Prior to May 1, 1874, the hotel was located, and prior to December 1, 1875, was erected and completed on the site designated in the subscription paper.

The referee further found that the calls were made, notices published, and certificate tendered as stated in the complaint, and the defendants' default in payment; and ordered judgment for plaintiff.   A motion for a new trial was denied by *Crosby*, J., and the defendants appealed.

*Colvill & Akers*, for appellants.

*Williston & Hall*, for respondent.

CORNELL, J.   The principal objection urged to the sufficiency of the complaint is founded upon the assumption that the condition annexed to the defendants' subscription of stock was a condition precedent, the performance of which had not been complied with by the building of a hotel on the designated site, at the time the assessments were made, the payment of which it is the object of this action to enforce.   The subscription paper, which was signed by the defendants and others, is set forth in the complaint as follows: "We, the subscribers, each for himself, and not for the others or any of them, do hereby subscribe and agree to pay for the number of

shares of the capital stock of the corporation known as the Red Wing Hotel Company, set opposite our respective names, said shares to be by us respectively paid for at such times and in such amounts as the board of directors of said corporation may from time to time require; said shares are fifty dollars each: *provided,* nevertheless, and our subscription is expressly upon the condition, that the hotel to be built by said corporation shall be by it built and located upon the southeasterly corner of block 44, and the northwesterly corner of Bush and Main streets, in the city of Red Wing, Minnesota, otherwise this instrument to be and remain wholly void." The language, "We do hereby subscribe and agree to pay," clearly indicates an agreement *in præsenti* to take the shares so subscribed, and to pay for the same whenever requested by the plaintiff's board of directors.

It is also obvious that it was within the contemplation of the parties that the hotel referred to was to be built by the company out of the avails of its stock subscriptions, which were to be called in as the directors might require, for the prosecution of the enterprise. The promise of payment was not to pay the whole at one time, and when the hotel was built, but to pay in instalments from time to time upon the request of the directors, to enable the company to carry forward the undertaking. Construing the proviso in view of these facts, it is manifest that the condition in question, so far as it relates to the construction of the hotel, was a condition subsequent and not a condition precedent. The assessments, therefore, were not invalid because they were made prior to the full completion of the building. *Ashtabula & New Lisbon R. Co.* v. *Smith,* 15 Ohio St. 328; *Chamberlain* v. *Painesville & Hudson R. Co.,* 15 Ohio St. 225.

It is further objected that the complaint contains no averments showing. the corporate powers of the plaintiff, and, therefore, it does not appear that it had any legal capacity to make the contract it did with the defendants. To this it is a

sufficient answer, that the complaint distinctly alleges the creation and corporate existence of the plaintiff under the laws of the state, and avers that the articles of association which it adopted, and by which it became incorporated, authorized and provided for a capital stock of fifty thousand dollars, to be divided into one thousand shares of fifty dollars each, payable in instalments of not less than ten per cent. at any one time, upon the call and notice of its board of directors, and, further, that both the defendants signed and executed said articles, and were named therein as corporators. It is thus shown upon the face of the complaint that the corporation had authority to receive subscriptions to its capital stock and to make contracts therefor, and that both the defendants presumably knew the character and extent of its corporate powers, whatever they were, when they subscribed for the twenty shares of its stock. If the building of a hotel did not come within the scope of these powers, as is suggested, that fact would not, under the circumstances, relieve the defendants from liability upon the subscription, for the reason that the building of a hotel was not made a condition precedent to the right of the company to demand payment and enforce its collection. The obligation of the company to build, and that of the defendants to pay the amount of their stock subscription, were in no way dependent upon each other. The one might stand though the other should fall. Moreover, the complaint alleges that the condition has been fully complied with. The defendants have received the full benefit of its performance, and got all they contracted for by the stipulation. If, in entering into the stipulation, and performing the condition, the company acted *ultra vires*, they have not been prejudiced, and it does not lie with them, after performance by the company, to object that it was not bound by the condition in the first instance, especially as they knew that fact when they made their subscription.

As shown by the return to the appeal on file in this court,

the complaint contains an averment that the hotel was built by the plaintiff. The point made upon the want of such an allegation is, therefore, unfounded in fact.

Upon all questions of fact the findings of the referee must be taken as conclusive, for the record before us does not purport to contain all the evidence. From these findings it appears that the subscription in question was signed and executed by the defendants, on the eleventh of February, 1874, and was afterwards, on the fourth day of March next following, reported to and accepted by the company, at the first meeting of its board of directors, held on that day. In considering the legal effect of the subscription, then, it must be regarded as having been made on the day of its acceptance by the company, when, if at all, it first took effect and became operative as a contract between the plaintiff and the defendants. *Stanton* v. *Wilson*, 2 Hill, 153. At that time there is no question that all the requirements of the statute relating to the creation of incorporations of this kind had been fully complied with, and the plaintiff had thereby become a corporation, duly organized and legally empowered as such to do business. It had legal capacity at that time to take and accept the stock subscription of the defendants, then reported to it for its action, with their consent—as must be assumed from the findings—and the acceptance constituted it a mutual contract between the company and the defendants from that date, by which the latter became, subject to the conditions therein named, bound to take and pay for the number of shares so by them subscribed, and the former to issue and deliver certificates of the same, upon being paid therefor the amount agreed upon. These were concurrent and dependent obligations, each being a valid and sufficient consideration for the other.

The necessary conclusion from these views renders it unnecessary and unimportant to consider the other questions discussed by counsel upon the argument.

Order affirmed.