EFIRD v. PIEDMONT LAND IMPROVEMENT AND INVESTMENT CO.

1. CORPORATION—INSOLVENCY—NULLA BONA—EQUITY.—When the insolvency of corporation is shown by *nulla bona* return, the Court of Equity will take control for purpose of winding up its affairs, and enforce unpaid subscription on capital stock.

2. IBID.—STOCKHOLDER.—THE TRANSFEREE of stock of a corporation, all requirements of transfer having been complied with, in absence of fraud and collusion, is alone liable for any balance due by his transferer on original subscription to capital stock.

3. IBID.—COUNTER-CLAIM—SET OFF.—A STOCKHOLDER of an insolvent corporation cannot set off claims held by him against the corporation against his unpaid subscription to capital stock. *Nettles* v. *Marco, 33* S. C., 47, *distinguished from this.*

4. PLEADINGS—JUDGMENT—CORPORATION—STOCKHOLDER.—In an action by creditors against an insolvent corporation and stockholders to collect balance due on stock, judgment may be given for balance due on subscription against one subscriber, whose name was left out of list of original subscribers in complaint, but who was found to be such by master and Circuit Judge, and who had been made a party as transferee

Before TOWNSEND, J., Richland, June, 1898.    Modified.

Creditor's bill by C. M. Efird and H. A. Lorick, as executors of Geo. W. Lorick, against Piedmont Land Improvement and Investment Co., and the original subscribers to the capital stock and transferees.    The master's report, omitting formal parts, is as follows:

This is an action brought by the plaintiffs, as executors of the estate of G. W. Lorick, deceased, for the purpose of having the stockholders of the Piedmont Land Improvement and Investment Company pay into the hands of a receiver to be appointed by the Court, the thirty per cent. dividend due by them as subscription to the capital stock of said corporation, which was duly chartered under and by the laws of this State, for the purpose of meeting the liabilities of said corporation to the plaintiffs, as executors, and others who might establish their demands before the Court.    To this complaint the resident stockholders file their answers, none admitting their liability, while others set up counter-claims, and some denying any liability whatever.    All of which will clearly appear by their answers filed in this case.    The absent and non-resident stockholders, B. B. Ford, Chas. C. Wilson, Chas. Ellis, jr., and Walter M. Gorham, were duly served by publication, none of whom answered, except Chas. Ellis,

jr., who filed an answer during the reference, in which he set up a counter-claim, which will be hereafter more clearly set forth. * * * At the hearing of said case, attorneys for several of the defendants filed their stated grounds of demurrer to the complaint, in that it did not state facts sufficient to constitute a cause of action. After a careful consideration of the grounds upon which they are based, I consider them untenable, in view of the allegations of the complaint, and, therefore, hold the complaint sufficient, and overrule the said motion.

My findings of fact are as follows: 1. That the defendant corporation was duly incorporated, under the general incorporation law of 1886, by a charter from the secretary of State. 2. That books of subscription to the capital stock of said corporation were regularly opened in the city of Columbia, on the 19th day of March, 1888, and that the amounts subscribed by the persons indicated in paragraph 3 of the complaint are correct. 3. That the subscribers and stockholders of said corporation met and organized the same by the adoption of a constitution and by-laws and the election of a president, directors and all other necessary officers, in the city of Columbia, on the 20th day of March, 1888. 4. That the subscription to the capital stock was made upon the condition that twenty per cent. should be paid in at once, and that the directors should call for the balance in such instalments as would be necessary. 5. That the directors of said corporation from time to time levied assessments upon the stockholders until seventy per cent. thereof had been levied and paid in. 6. That on the 30th day of December, 1892, the board of directors of said corporation issued a call for the remaining thirty per cent. due upon said subscription, a portion of which was paid in by several subscribers, but upon failure of others to pay, the amount so paid in was returned to them, and that the directors have failed and neglected to collect the same. 7. On the 19th day of May, 1888, the defendant corporation executed its bond to the said Geo. W. Lorick, obligating itself to pay to him the sum of $4,786.25

on or before the 19th May, 1889, with interest from date, and a like sum on or before the 19th day of May, 1890, with interest from date, and a like sum on or before the 19th day of May, 1891, with interest from date, and to secure payment of the same executed and delivered a mortgage on a tract of land in Lexington County. 8. In May, 1892, said G. W. Lorick brought an action in foreclosure against the defendant corporation in Lexington County, for the sum of $8,772.59, and costs, upon which he obtained a judgment at the September Court for said county, on the 24th day of September, 1892. 9. That in November, 1893, G. W. Lorick died, and the plaintiffs in this action duly qualified as his executors a short time thereafter, and are such now. 10. That the lands covered by the said mortgage were duly sold under said order of foreclosure, and the proceeds credited upon said mortgage and the report of sales confirmed on the 29th September, 1894, which order embraced permission to the plaintiffs, as executors, to enter up judgment against the defendant corporation for the balance, the sum of $3,804.94. 11. That the said judgment was duly entered up on the 26th January, 1895, execution duly lodged, and the sheriff of Lexington returned the same "nulla bona" May 15th, 1895. 12. I find that B. B. Ford originally subscribed five shares to the capital stock of said corporation, paid in $350, afterwards surrendered his certificate of stock, which was cancelled by the corporation on the         day of       , and a new certificate of stock was issued to F. H. Hyatt on the         day of       , who surrendered his certificate on the 28th day of May, 1894, and which was cancelled by the said corporation, and a certificate issued to W. J. May on the 28th of May, 1894, who now holds the same. 13. That R. S. DesPortes originally subscribed for twenty shares of the capital stock of said corporation. On the 2d day of May, 1889, he surrendered his certificate for the said twenty shares, which was cancelled by the said corporation, and upon the same day a certificate was issued to R. S. DesPortes for fifteen shares and to W. H. Lyles a certificate for five

6—55

shares, which was sold to him by R. S. DesPortes, and said Lyles now holds the same. That on the 20th day of June, 1889, R. S. DesPortes surrendered his certificate for fifteen shares to said corporation, which was cancelled by said corporation, and a certificate for ten shares was issued to R. S. DesPortes and five shares to John T. Sloan, jr., sold to him by R. S. DesPortes, and said Sloan now holds the same. That on September    , 1890, R. S. DesPortes, through T. J. Gibson, a broker, sold to C. J. Iredell his ten shares of stock, which stock was surrendered to the company and cancelled, and ten shares were issued to C. J. Iredell on October 3, 1890. 14. That Godfrey Leaphart subscribed five shares to the capital stock of said company; that his executors sold the same at public auction in the city of Columbia, on the 4th day of December, 1893, to John T. Sloan, jr., to whom the same was, on that day, transferred, and who is now the owner and holder of the same, but which has never been transferred on the books of the said company to said Sloan. 15. That Dr. A. N. Talley originally subscribed ten shares to the capital stock of said corporation, and on October 3, 1890, he surrendered the same, which was cancelled by the corporation, and a certificate for ten shares issued to C. J. Iredell. 16. That W. G. Childs originally subscribed for six shares, and on October 17, 1890, he surrendered his certificate for the said six shares, which was cancelled by the corporation, and a certificate for six shares was issued to Martin Stork. 17. That W. A. Clark originally subscribed for six shares of the capital stock, and on July 27, 1892, he surrendered his certificate for six shares, which was cancelled by the said corporation, and a certificate issued for six shares to G. W. Lester. 18. Certificates for all other stock subscribed, as set forth in paragraph 3 of the complaint, were duly issued to the subscribers thereof, who are now the owners and holders thereof, except that E. W. Screven subscribed for ten shares, which subscription was assumed by James Woodrow, and to whom the stock was issued for ten shares, who now holds the same. 19. The following claims

have been offered in evidence and proven before me as existing valid claims against said defendant corporation: * * * 20. That the defendant corporation is insolvent, and that there are no funds out of which the debts of the said corporation can be paid except the balance of the thirty per cent. due by the stockholders upon their original subscription to the capital stock of said corporation. 21. The sale of the certificates of stock by B. B. Ford, R. S. DesPortes, A. N. Talley, W. G. Childs, and W. A. Clark were made in the mode prescribed by the by-laws of the company under the authority of its charter, was *bona fide* and in the usual course of business trade and not collusive, and the transferers retain no interest whatever in the stock then transferred by them.

My conclusions of law are: 1st. That B. B. Ford, R. S. DesPortes, Dr. A. N. Talley, W. G. Childs, and W. A. Clark are not due the corporation or the creditors anything further upon their original subscription, and I recommend that the complaint be dismissed as to them, with costs. 2d. That F. H. Hyatt, the purchaser of the Ford stock, having transferred his stock to W. J. May after the call by the directors for thirty per cent. still due, and notice to him thereof, he is liable for the thirty per cent. 3d. That the certificate held by the executor of Godfrey Leaphart was sold to John T. Sloan, jr., after the call was made by the directors and notice to them thereof, and his estate is, therefore, liable for the thirty per cent. This said stock was never transferred to said Sloan on said books. 4th. That Martin Stork, who bought the stock of W. G. Childs before the call of the directors, and also G. W. Lester, who before said call bought the stock of W. A. Clark, and W. H. Lyles, and John T. Sloan, jr., both of whom bought each five shares of R. S. DesPortes before the call, and Mrs. Emma J. Anderson, who bought the R. M. Anderson stock before the call, are liable for the thirty per cent. 5th. That the following original subscribers are liable for the thirty per cent. upon the amounts of their subscription: * * * The following purchasers of

stock are liable for the thirty per cent. upon their stock: * * * 6th. The defendants, Geo. S. Mower, J. H. Counts, M. A. Carlisle, John T. Sloan, jr., James Woodrow, Thos. T. Moore, H. C. Moseley, W. A. Moseley, J. M. Wheeler, W. H. Lyles, and Chas. Ellis, jr., set up in their answer various claims against the defendant corporation in which they are stockholders, and they ask that they be allowed as counter-claims against any amount that may be found due by them to said corporation or creditors thereof. After a careful consideration of the law in reference thereto, I have concluded, and so find, that these creditor stockholders are not entitled to set up these demands held by them as a counter-claim against any liability due by them to the said corporation or its creditor, and find that they are merely creditors of the corporation, and that they must pay in full the thirty per cent. due upon their subscription, and must then set up their claims against the corporation as any ordinary creditor.

I, therefore, recommend that a receiver be appointed to collect the balance due upon the stock, as hereinbefore indicated, of such of the stockholders as are not parties to this action, and to do and perform such acts as he may by this Court be directed, and that judgment herein be given against the defendant stockholders who have been held liable for the amounts as hereinbefore indicated, and that they be required to pay the same to the master for distribution; and that the master be instructed to call in, in the usual way, all of the creditors of the said corporation, and that he hear and determine all questions as to the priority of the claims established before him.

From Circuit decree modifying master's report as indicated in the opinion, the defendants, M. A. Carlisle, Geo. S. Mower, executors of R. S. DesPortes, H. C. Moseley, W. A. Moseley, Charles Ellis, jr., John H. Counts, James Woodrow, Thos. T. Moore, John S. Hughson, executors Dr. A. N. Talley, W. G. Childs, W. A. Clark, John T. Sloan, J. M.

Wheeler, and Piedmont Land Improvement and Investment Co., appeal.

*Messrs. John T. Sloan* and *Wm. H. Lyles,* for the corporation, and Woodrow, Moore, Counts and Hughson, appellants, cite: *Stockholder is liable to corporation, and that only, on his subscription:* 6 Rich. Eq., 234. *Under allegation charging defendant as transferee, he cannot be held liable as original subscriber:* 41 S. C., 331. *Stockholder may set off claims held by him against the corporation against its claims upon him:* 24 N. E. R., 13; 45 Mo., 109; 60 Ga., 174; 40 Fed. R., 413; 43 N. W. R., 290; 121 N. Y., 107; 24 Pac. R., 1111; 90 N. Y., 353.

*Mr. J. S. Muller,* for Clark and Childs, appellants, *refers to authorities of R. W. Shand by permission.*

*Mr. Jno. P. Thomas, jr.,* for executors of Dr. Talley, appellant, *also refers to authorities of Messrs. Shand and Muller.*

*Mr. R. W. Shand,* for executors of DesPortes, appellant, cites: *Stockholders not liable for instalments called in on stock after transfer in good faith, but transferee is liable:* 16 S. C., 529; 7 T. R., 36; 91 U. S., 45, 56, 65; 96 U. S., 328; 49 N. Y., 216; 54 Penn. St., 227.

*Messrs. Mower & Bynum,* for H. C. Moseley, W. A. Moseley, Carlisle, Wheeler, and Mower, appellants, cite: *Stockholder should be permitted to set off claims against his liability:* 6 Rich. Eq., 227; 3 Mason, 308; 33 S. C., 47; 72 N. Y., 106; 21 S. C., 346; 25 S. C., 82; 73 N. Y., 620; 90 N. Y., 253.

*Messrs. Meetze & Muller,* contra cite: *Does complaint state a cause of action:* 22 S. C., 292. *Nulla bona return shows insolvency:* 22 S. C., 321; 53 S. C., 364. *Stockholder cannot set off liabilty on stock by claim against corporation:* 43 S. C., 480; 27 S. C., 340.

April 22, 1899.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The facts of this case are fully set forth in the report of the master, which will be set out by the Reporter.   The said report was confirmed by the Circuit Court, except in the following particulars, to wit: 1st, the first, second, fourth, and latter part of the fifth conclusions of law were reversed, and 2d, it was ordered that the report be "amended by including in said finding of original subscribers liable for the thirty per cent. upon the amounts of their subscription to the following: C. J. Iredell, twenty shares, $2,000; W. H. Gibbes, ten shares, $1,000; Walter M. Gorham, ten shares, $1,000."   The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, inasmuch as it alleges that an assessment for the unpaid instalment of subscription to the capital stock of said company was made, and does not allege that the board of directors of said company had refused to enforce the same, or were derelict in that regard, and that said payment could only be enforced by the corporation itself, or by a receiver duly appointed.   Some of the defendants withdrew the demurrer, but others insisted upon it.

The first question that will be considered is whether there was error in overruling the demurrer.   The return of *nulla bona* on the execution shows that the corporation was insolvent.   *Parker* v. *Bank,* 53 S.C., 583.   It is not necessary to cite authorities to sustain the principle that under such circumstances the Court, in the exercise of its equitable jurisdiction, will take control for the purpose of winding up the affairs of the insolvent corporation.

The next question that will be considered is whether there was error in deciding that the original subscribers, who transferred their shares of stock, are liable for the unpaid subscription.   This corporation was organized under the general act of incorporation.   In prescribing the powers of such corporations, section 1522 of the Rev.

Stat. provides as follows: "Among the powers of such bodies corporate shall be the following: * * * to render the shares or interest of the stockholders transferable, and to prescribe the mode of making such transfers." Section 1529 of the Rev. Stat. provides that "no transfers of stock shall be valid, except as between the parties thereto, until the same shall have been regularly entered upon the books of the company, so as to show the name of the person, by whom and to whom the transfer is made, the number and other designation of the shares, and the date of the transfer." The 21st finding of fact by the master was not reversed by his Honor, the Circuit Judge, although the conclusion of law based thereon was reversed. The plain intent of the law was that in the absence of fraud or collusion, and upon compliance with the requirements as to transfers of shares of stock, the subscriber would not thereafter be liable for his unpaid subscription. This liability devolved upon the transferee of the shares of stock. The Circuit Judge was, therefore, in error when he decided otherwise.

The next question that will be considered is whether there was error in refusing to allow certain stockholders to set off their claims against the corporation, in extinguishment of the amounts due by them upon their original subscription. There is no statute conferring such right, and it is only necessary to cite an illustration to show how inequitable this rule would be. Suppose every stockholder of an insolvent corporation had a claim against it equal to the amount of his unpaid subscription, and that there were other creditors holding claims to a much larger amount than those held by all the stockholders. If the stockholders could set off their claims against the amounts due by them upon their unpaid subscription, no other creditor would get a cent upon his claim. This would give a preference to those whose acts caused the insolvency of the corporation over those who had no control in its management and in no respect chargeable with its failure. The case of *Nettles* v. *Marco,* 33 S. C., 47, is relied upon as au-

thority for the proposition that the right of set off should be allowed. The facts of that case were quite different from those in this case. In that case the advances were made by Marco, a stockholder, with the knowledge and approval and for the benefit of the corporation, but the principal reason why he was not compelled to pay the amount he subscribed was because the directors, who were clothed with authority for that purpose, in good faith, released him from any further payments on his subscription. These views practically dispose of all the exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be modified in the manner hereinbefore indicated, and that the case be remanded to the Circuit Court for further proceedings.

The defendants named below filed a petition for rehearing, and thereupon the following order was made:

May 3, 1899. PER CURIAM. The defendants, F. H. Hyatt, Jno. T. Sloan, W. H. Lyles, and Martin Stork, filed a petition for a rehearing in this case on the grounds set forth in their petition. They brought to the attention of the Court that the exceptions by Messrs. Mower and Bynum to that part of the decree releasing the said defendants from liability in the manner set forth in the petition had been withdrawn. They are, therefore, not liable as transferees of the shares of stock described in the complaint. It will not be necessary to order a rehearing in order that the petitioners may have this relief.

The judgment of this Court is hereby modified in accordance with these views and the petition for a rehearing is dismissed.

The defendant, Sloan, having filed a separate petition for rehearing, the following order was made:

May 3, 1899. PER CURIAM. The defendant, Jno. T. Sloan, filed a petition for a rehearing in this case on the following grounds: "That your petitioner was named

as a party defendant in the above entitled cause, and it was alleged in the complaint, in the fifteenth paragraph, that the five shares of stock of G. Leaphart had been transferred to him by the executors of said Leaphart, but it was no where alleged in said complaint that this petitioner was a subscriber to the capital stock of said company; that the master reported * * * that your petitioner was an original subscriber to the stock of said company to the extent of ten shares, but your petitioner excepted to said finding, and his exception being disregarded, your petitioner again excepted to the Circuit decree on account thereof, * * * and your petitioner respectfully submits that the failure of the Court to pass upon this exception was due to oversight on its part." The complaint sets forth the names of the original subscribers, and the amounts severally subscribed by them, but for some reason the name of Jno. T. Sloan is not mentioned in said list. When, however, the original subscription list was introduced in evidence, it appeared therefrom that Jno. T. Sloan was an original subscriber for ten shares. No objection was made to this testimony, and the master accordingly reported that Jno. T. Sloan was an original subscriber for ten shares of stock. Jno. T. Sloan excepted to the report of the master, not on the ground that the master erred in finding that he was an original subscriber, but on the ground that there are no allegations in the complaint charging him with liability as an original subscriber, nor asking for judgment for any such amount. He excepted to the decree of the Circuit Court on the same ground. It was evidently the intention of the plaintiffs to recover judgment against all the original subscribers to the capital stock of the company, and as the testimony clearly showed that Jno. T. Sloan was a subscriber to the capital stock, it would be inequitable to allow him to escape liability.

The petition for rehearing is, therefore, dismissed.