February 22, 1910. The opinion of the Court was delivered by
This appeal involves the right of set off.
The facts are thus stated in the decree of his Honor, the Circuit Judge:
"This was an application by J.H. Banks to review the correctness of a proceeding by the receiver for Carolina Mutual Fire Insurance Company.
"Mr. Banks held a policy, No. 5247, in the defunct company for $1,145. In November, 1907, he had a partial loss, which was adjusted at $190 on November 28, 1907. The policy continued in force and Mr. Banks paid subsequent assessments. The company gave him credit on its books for the $190, none of which was ever paid in cash. On May 1, 1908, the assessment of $5.72, levied at that time, was not paid by Mr. Banks, but was charged to him on the books of the company, reducing the indebtedness of the company to him to $184.28. The matter stood in this condition until the company was placed in the hands of the receiver in June, 1908. After the company went into the hands of a receiver, he set about collecting the assets of the concern, levied an assessment under order of Court to cover deficiencies, and has taken in enough money to pay out a fifteen per cent. dividend, which would amount, on the claim of $184.28, to $27.64.
"The receiver's assessment levied against this policy is $25.74. The receiver, in remitting the dividends, deducted this $25.74 from the $27.64, and remitted to Mr. Banks $1.90. Mr. Banks questions the correctness of this, *Page 39 
claiming that the $25.74 ought to have been deducted from the $184.28, and he ought to have had fifteen per cent. on the balance, which would be $23.77.
"The above state of facts was submitted to me in writing by agreement for my determination."
"The Circuit Judge sustained the action of the receiver, and the petitioner appealed on the ground "that whatever amount the petitioner was due the defendant company should have been deducted from the amount due by the defendant company to him, and the petitioner was entitled to dividends on the balance between the two accounts."
"As every member of a mutual insurance company is an insurer, as well as a party insured, and the premiums constitute a fund for the benefit of all the creditors, out of which the insured is, in case of the insolvency of the company, entitled only to a pro rata dividend, where his policy has matured before the adjudication of insolvency, it follows that a member who has suffered a loss under his policy, cannot, upon the company's subsequently becoming insolvent, set off the amount of such loss in an action against him on his premium note; nor can the holder of an unmatured policy, in an insolvent company, set off, in action on his premium note, the amount of the unearned premiums paid by him, or the value of his policy, supposing that such amounts can be ascertained. Nor in such an action can the dividend declared by the receiver of the insolvent company be used as a set off." 21 Enc. of Law, 301-2.
"The member cannot set off as against his liability on a premium note, any claim he may have against the company for a loss under his policy; nor for damages or unearned premiums to which he is entitled, by reason of the cancellation of his policy due to the insolvency of the company. The member cannot set off the reserved value of an endowment policy nor a dividend declared in his favor. He cannot set off against an assessment, made under order of Court, the amount which he has paid under a former assessment *Page 40 
by the officers of the company. He must pay the assessment and look to the dividends by the receiver on a claim established against the company for reimbursement." 22 Cyc., 1425.
"If a company is insolvent, then a policyholder cannot set off debts due, claims for losses, etc., against an action by the receiver to recover an assessment, but must pay his assessment and look to the dividends for reimbursement." 2 Cooley's Briefs on Insurance, 979.
See also the cases of Parker v. Bank, 53 S.C. 583,31 S.E., 673, and Efird v. Land Co., 55 S.C. 78, 32 S.E., 758, in which the Court says: "Suppose every stockholder of an insolvent corporation had a claim against it, equal to the amount of his unpaid subscription, and that there were other creditors holding claims to a much larger amount that those held by all the stockholders. If the stockholders could set off their claims against the amounts due by them upon their unpaid subscription, no other creditor would get a cent upon his claim. This would give a preference to those whose acts caused the insolvency of the corporation, over those who had no control in its management, and in no respect chargeable with its failure."
These authorities fully sustain the ruling of his Honor, the Circuit Judge.
It is the judgment of this Court that the judgment of the Circuit Court be affirmed.