8748

BABER, RECEIVER, v. DeCAMP.

CONTRACTS—SET OFF.—One purchasing stock of a bank under a contract to pay for it by advertising and job printing, in an action on the note by the receiver of the bank, cannot set off against the amount due on the note advertising and job work he was ready and willing to do for the bank, but for which the bank had not given orders because not in need of the work.

*Nettles v. Marco, 33 S. C. 47, distinguished from this case.*

Before PRINCE, J., Cherokee.    Reversed.

Action by Chas. Baber, receiver, against Ed H. DeCamp, in court of magistrate J. M. Phillips.    From Circuit order reversing judgment of magistrate, plaintiff appeals.

*Mr. N. W. Hardin,* for appellant, cites: *Stockholder cannot interpose such set off:* 53 S. C. 583; 55 S. C. 79; 57 S. C. 53; 79 S. C. 9; Cook on Stockholders, sec. 193; 23 Ency. 846; Code 1912, 2660.    *Defendant was a stockholder:* Cook 192; 91 U. S. 56, 45; 23 Ency. 782, 786.

*Messrs. Butler & Hall,* contra, cite: *Stock may be contracted for in labor:* 33 S. C. 47.    *There was no legal contract:* Code 1912, 2660, 2788, 2851; 26 Cyc. 874, 892, 934, 940; 95 S. C. 25.    *Default was on part of the bank:* 36 Cyc. 1315.    *Corporation having embarked in other business relieved subscriber for stock:* 10 Cyc. 652.

March 18, 1914. The opinion of the Court was delivered by

Mr. Chief Justice Gary. The facts are thus stated, in the order of his Honor, the Circuit Judge, from which the plaintiff appealed:

"This is an appeal from the judgment of the magistrate court, in favor of the plaintiff against the defendant, on a note executed by the defendant to the Peoples Bank on June 26th, 1911, for the sum of $60.70 payable on demand, with interest from date at eight per cent. per annum. The action is on this note. No demand for payment was made by the bank, after the bank suspended and a receiver was appointed, demand was made by the receiver and payment refused. On the trial the defendant answered by alleging, that the note was given as a part of the subscription to the capital stock of the Peoples Bank—four shares of the par value of $25.00 each; that the note was executed and delivered upon a special contract and agreement, that it should be paid and discharged by the defendant, by doing advertising and job work for the Peoples Bank. Thereafter the Peoples Bank continued to send work to the defendant, so that up to the time of suspension by the bank, the account had accumulated to the amount of $18.25. The defendant showed by his evidence, that he stood ready and willing to carry out his part of the agreement. There was no breach on the part of the defendant.

"Without passing upon all the points insisted upon, in the argument, I am bound to hold under the case of *Nettles v. Marco,* 33 S. C. 47, 11 S. E. 595, that the defendant was entitled to have the contract as made by him, carried out according to its terms, and in the absence of any testimony, that the defendant refused or failed, after opportunity given, to perform his part of the agreement, no money judgment can be obtained against him.

"It is the judgment of this Court, that the judgment of the magistrate court be reversed, and the complaint dismissed."

The question for determination is, whether the readiness and willingness of the defendant to do the advertising and job work for the bank, discharged him from liability on the note, although he had not rendered such services, when the bank was placed in the hands of a receiver on account of its insolvency.

His Honor, the Circuit Judge, based his ruling upon the case of *Nettles* v. *Marco,* 33 S. C. 47, 11 S. E. 595. The facts of that case were quite different from those in the present case, as will be seen from the language of the Court in *Efird* v. *Land Co.,* 55 S. C. 78, 32 S. E. 758, commenting on the case just mentioned, which was as follows:

"In that case the advances were made by Marco, a stockholder, with the knowledge and approval, and for the benefit of the corporation, but the principal reason why he was not compelled to pay the amount subscribed, was because the directors, who were clothed with authority, for that purpose, in good faith released him from any further payments on his subscription."

In the case of *Efird* v. *Land Co.,* 55 S. C. 78, 32 S. E. 758, the Court had under consideration the question, whether there was error in refusing to allow certain stockholders to set off their claims against the corporation in extinguishment of the amounts due upon their original subscription; and, after stating that there was no statute conferring such right, and that it was only necessary to cite an illustration, to show how inequitable this rule would be, proceeded as follows: "Suppose every stockholder of an insolvent corporation had a claim against it, equal to the amount of his unpaid subscription, and that there were other creditors holding claims to a much larger amount than those held by all the stockholders. If the stockholders could set off their claims, against the amounts due by them upon their unpaid

subscription, no other creditor would get a cent upon his claim."

The practical effect of the Circuit Judge's ruling is, not only to allow the defendant, to set off his claim for advertising and job work, amounting to $18.25. but also a claim for such services, sufficient in amount, to extinguish the note, although the claim was never in existence, as the services were not rendered.

The fact that the rendition of the services, became unnecessary, by reason of the bank's insolvency, did not absolve the defendant from liability on the note, merely because he was ready and willing to render them.

Reversed.