MUIR *v.* SCHULTZ.

1. CORPORATIONS—SUBSCRIPTION UPON CONDITION SUBSEQUENT—SPECIAL TERMS.

Subscription for corporate stock, which is to be paid for by subscriber's being awarded plumbing contract later, but which was never awarded because of corporation's lack of funds, is subscription upon condition subsequent or upon special terms, and subscriber is liable for purchase price of stock.

2. SAME—SURRENDER OF STOCK AND CANCELLATION OF NOTE DOES NOT RELIEVE STOCKHOLDER FROM LIABILITY.

Where stock was subscribed for, issued, and accepted, subscriber became stockholder, and is liable for purchase price in action by corporation's receiver, although stock was surrendered later and note given therefor destroyed, when corporation was prevented by lack of funds from awarding plumbing contract to subscriber, as agreed, enabling him to pay for stock by work; his remedy, if any, being for breach of collateral agreement.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 7, 1932. (Docket No. 47, Calendar No. 36,298.). Decided June 23, 1932.

Assumpsit by James A. Muir, trustee of Clover Creamery Company, a bankrupt corporation, against Julius Schultz to recover the purchase price of shares of capital stock. Judgment for defendant. Plaintiff appeals. Reversed, and judgment ordered for plaintiff.

*Moore & Wilson,* for plaintiff.

*James M. Cleary,* for defendant.

CLARK, C. J. Plaintiff, trustee in bankruptcy of Clover Creamery Company, a corporation, sued to recover of defendant the purchase price of 500 shares of the capital stock. In a trial without a jury defendant had judgment. Plaintiff has appealed.

Defendant subscribed for the stock, and the certificate for the shares was issued and delivered to and accepted by him. At the same time defendant gave to the corporation his promissory note for the price, $5,000, payable in 90 days with interest. The note was in common form, except there was written on the bottom of it, "This note taken for plumbing and heating, Clover Creamery Company." To explain this writing, regarded as ambiguous and incomplete, parol evidence was taken, from which it appeared the corporation intended to put up a large building, defendant was a plumber, and the president of the corporation agreed with defendant that he might do the plumbing and heating work on the proposed building and thus pay the note, hence, the writing on the note. The corporation was unable to carry out

its building program for lack of funds, it became financially embarrassed, rights of creditors intervened, and, finally, the president, who was a personal friend of defendant, requested defendant to return the certificate, which he did, and the note was destroyed.

This is not a case of condition precedent, where a condition must be complied with before a subscriber can be held liable on his subscription. *Sherrod* v. *Duffy,* 160 Mich. 488 (136 Am. St. Rep. 451). Defendant became a stockholder. He received and accepted the certificate. He was entitled to vote the stock and to have dividends, if any, upon it. He is liable to pay for it. This was a subscription upon condition subsequent, or, as stated by some writers, upon special terms.

Defendant had a collateral agreement that his obligation upon subscription evidenced by his note was to be paid out of a fund to arise upon his being awarded contract for heating and plumbing in the proposed building. Defendant's remedy, if he has one, for breach of the collateral agreement, is in damages.

The following from 1 Thompson on Corporations (3d Ed.), § 712:

"A subscription to the capital stock of a corporation upon conditions subsequent, or special terms, is said to be a contract of absolute subscription on the part of the subscriber, coupled with a contract on the part of the corporation that it will perform on its part certain stipulated acts, and it is absolute from the time it is made. 'A subscription upon condition subsequent embraces two distinct contracts: first, that of the subscriber to take stock and pay therefor, and, second, that of the corporation to perform the conditions specified in the contract.' A condition

subsequent is a valid consideration for a stock subscription; and, while it does not affect the liability of the subscriber to take and pay for his stock, it gives him a right of action against the corporation for its failure to perform the condition. 'A subscription upon special terms is an absolute and unconditional subscription, which makes the subscriber a stockholder, and renders him liable as such, and for the amount of the subscription, as soon as it is accepted, but contains special terms or stipulations. Such a subscription is valid, provided the special terms or stipulations are not such as to constitute a fraud upon the other subscribers or stockholders, or upon the creditors of the corporation, and provided they are not beyond the powers conferred upon the corporation by its charter, nor contrary to law.' Some law writers object to the use of the term 'conditions subsequent' in this connection. They insist that subscriptions on so-called conditions subsequent are nothing more than subscriptions on special terms. These writers also insist that the so-called subscriptions on conditions subsequent, or subscriptions on special terms, are not conditional subscriptions at all, but are absolute and unconditional subscriptions. The subscriber is a stockholder from the time the subscription is made and accepted, but the subscription may contain special terms limiting the liability of the subscriber in some particular, or impose some special obligation upon the corporation. Where such subscriptions are made, the performance of the condition or stipulation by the corporation is not a condition precedent to the liability of the subscriber: it is simply a collateral or independent agreement, which the corporation undertakes to perform, and for a breach of which it will be liable in damages.''

And from 1 Cook on Corporations (8th Ed.), § 78:

''A conditional subscription is also to be distinguished from a subscription on a condition subse-

quent. A subscription on a condition subsequent contains a contract between the corporation and the subscriber, whereby the corporation agrees to do some act. It thereby combines two contracts: one the contract of subscription, the other an ordinary contract of the corporation to perform the specified acts. The subscription is valid and enforceable whether the conditions are performed or not. A condition subsequent is the same as a separate collateral contract between the corporation and the subscriber, for breach of which an action for damages is the remedy."

And from 2 Fletcher Cyclopedia of Corporations, § 601:

"A subscription upon special terms, or upon condition subsequent, on the other hand, is an absolute and unconditional subscription. It makes the subscriber a stockholder, and renders him absolutely liable to pay the amount thereof according to its terms, from the time it is accepted, but contains special terms limiting the liability of the subscriber, or imposing particular obligations upon the corporation. In the latter case, performance of the stipulations by the corporation is not a condition precedent to liability on the part of the subscriber, but is an independent or collateral agreement, for a breach of which the corporation will be liable in damages."

In *Warren Co. Co-op. Ass'n* v. *Boyd,* 171 N. C. 184 (88 S. E. 153), the condition to the subscription did not appear in the subscription itself but in the note given in payment. Held, a condition subsequent (text 1 Cook on Corporations [8th Ed.], § 78, p. 404), and it was said:

"Where, as in this case, the stipulation relied upon, even where valid, is in the nature of a condition subsequent, it is considered as collateral to the principal obligation, and the remedy of the subscriber in case of breach is by an action to recover damages."

An interesting and instructive case is *Natwick* v. *Terwilliger,* 24 Wyo. 253 (157 Pac. 696, 160 Pac. 338).

In *Baber* v. *DeCamp,* 96 S. C. 432 (81 S. E. 155, 6 A. L. R. 275), it was held, quoting syllabus (S. E.):

"Where a note for $60.70 was given as a part of the subscription to the capital stock of a bank under an agreement that it should be paid by the purchaser doing advertising and job work for the bank, that the services became unnecessary by reason of the bank's insolvency did not absolve the purchaser from liability on the note merely because he was ready and willing to render them."

See *Swartwout* v. *Railroad Co.,* 24 Mich. 389; *Johnson* v. *Railroad Co.,* 81 Ga. 725 (8 S. E. 531); *Red Wing Hotel Co.* v. *Friedrich,* 26 Minn. 112 (1 N. W. 827); *Lane* v. *Brainerd,* 30 Conn. 565; *Ridgefield & N. Y. R. Co.* v. *Brush,* 43 Conn. 86; 1 Morawetz Private Corporations (2d Ed.), § 82, 14 C. J. p. 586; *O'Dell* v. *Appalachian Hotel Corp.,* 153 Va. 283 (149 S. E. 487, 68 A. L. R. 629).

That the note was unqualified promise under negotiable instruments law (a question not considered), see *Van Tassel* v. *McGrail,* 93 Wash. 380 (160 Pac. 1053).

Nothing is claimed for the surrender of the certificate and the destruction of the note, and we spend no time on it. See *Mills* v. *Anderson,* 238 Mich. 643; *Grand Rapids Trust Co.* v. *Nichols,* 199 Mich. 126.

No set-off or counterclaim has been attempted, as to which see *Utica Fire Alarm Telegraph Co.* v. *Waggoner Watchman Clock Co.,* 166 Mich. 618; 14 C. J. p. 1044.

In fairness to the trial judge, it should be stated that the precise question here decided does not appear to have been presented to him, indeed, it is difficult to determine what was presented to him. Plain-

tiff's case was made on the note. Defendant pleaded the general issue, but seems to have intended defense of fraud. Both sides were surprised by evidence of the writing on the note. Plaintiff, it seems, then sought to stand on the unconditional stock subscription. There is no evidence of fraud. We do not know on what theory the case was defended, although it is stated the plea might be amended to raise question that note was not negotiable. In this situation we were constrained to request and to receive additional briefs.

Reversed. Costs to plaintiff. Remanded for judgment for plaintiff.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.