TIMMER *v.* CLOVER FOUNDRY CO.

1. Appeal and Error—Questions Reviewable—Cross-Appeal.
    Claim of fraud and deceit raised by defendant's answer, passed upon and disallowed by trial court, may not be considered on appeal by plaintiff where defendant did not take a cross-appeal.

2. Corporations—Stockholders—Subscription.
    One who subscribes to stock in a corporation and partially pays therefor is a stockholder even though the stock certificates are not delivered to him.

3. Same — Subscription Upon Condition Subsequent — Special Terms.
    Subscription for corporate stock, which was to be paid for in part by subscriber's sale of merchandise to corporation later, but which was never purchased because of intervening bank-

ruptcy, is subscription upon condition subsequent or upon special terms, and subscriber is liable for balance due on purchase price; his remedy, if any, being for breach of the collateral agreement to accept the merchandise.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted June 16, 1937. (Docket No. 134, Calendar No. 39,613.) Decided October 4, 1937.

Assumpsit by Fred G. Timmer, trustee of Petroleum Marketers Equipment Corporation, a bankrupt corporation, against Clover Foundry Company, a corporation, for sums due on a stock subscription. Cross-declaration by defendant against plaintiff to recover sums paid for stock. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and judgment ordered entered for plaintiff.

*Lou L. Landman,* for plaintiff.

BUSHNELL, J. The stock subscription agreement, upon which this action was brought, was for 100 shares of no par value common stock in Petroleum Marketers Equipment Corporation, now bankrupt. Defendant, the subscriber, agreed "to pay for the same in cash, on or before Aug. 28, 1933." Following the signature of defendant by C. M. Clover, appears the following:

"Witness:   500.00 Cash.
            500.00 Mdse."

Defendant paid $500 and denied liability for the balance, claiming it was induced to sign the subscription agreement by fraudulent representations and that it rescinded the agreement after discovering the fraud. It contends that an action to recover a money judgment does not lie because the agreement speci-

fies that the balance of the subscription was "to be paid for in merchandise to be furnished by the subscriber." Defendant sought recoupment for the $500 already paid.

The books of Petroleum Marketers Equipment Corporation showed a balance of $500 due from defendant. Plaintiff testified that the original subscription agreement was found among the records of the bankrupt company and said:

"I do not know who put in the '500 cash and 500 merchandise' on the agreement. That notation, as well as the pencil notation 'paid' was on the exhibit when it came into my possession. There has been no alteration."

The trial judge upon considering defendant's motion for a directed verdict concluded, "that at the time of signing the subscription agreement the defendant and the salesman agreed that $500 of the subscription was to be paid in merchandise and, in my opinion, that was one of the moving causes for the entering into of the subscription agreement."

In arriving at this conclusion the trial judge ruled that the addition of the words "$500 cash—$500 Mdse," caused the subscription agreement to be ambiguous; that parol evidence was admissible to show the intent of the parties; that plaintiff was entitled to be paid the balance only in merchandise; that there was no demand made for the merchandise and that in the absence of such demand, defendant was not liable to plaintiff in an action for money.

A verdict was directed for defendant and plaintiff appeals from the adverse judgment.

Defendant's answer raised questions of fraud and deceit and these claims were passed upon and disallowed by the trial court. Defendant did not take

a cross-appeal and therefore these questions are not before us.

This action was instituted by plaintiff, as a trustee in bankruptcy, upon the formal order of a referee in bankruptcy, for the benefit of the bankrupt's unpaid creditors. An order had previously been entered by the referee, directing defendant and others to show cause why an assessment should not be levied against them and, if not paid, why the trustee should not be authorized to recover the amount assessed. Defendant did not appear in the bankruptcy court and an assessment was levied against it there in the sum of $500.

Defendant was a stockholder even though the stock certificates were not delivered. *Gibson* v. *Oswalt*, 269 Mich. 300.

The stock subscription was upon condition subsequent or special terms and defendant's remedy, if it had one, was for breach of the collateral agreement to accept the merchandise. A similar situation was presented in *Muir* v. *Schultz*, 259 Mich. 377, where the subscriber gave a note for his stock and wrote upon it, ''This note taken for plumbing and heating.'' Parol testimony was received to explain the ambiguity in the note, and it developed that the corporation, through its president, had agreed with the subscriber that the note might be paid by plumbing and heating work upon a building which the stock-issuing company proposed to erect. The corporation went into bankruptcy not having erected the building and rights of creditors intervened. Although the stockholder returned the stock and the note was destroyed, we reversed a judgment in favor of the subscriber upon the appeal of the trustee in bankruptcy and ordered a judgment entered for the amount of the subscription.

*Muir* v. *Schultz, supra,* is controlling and it is unnecessary to discuss other theories of liability or the respective rights and duties of the parties because defendant has not pleaded or claimed its proper remedy, nor has it proved any damages resulting from the bankrupt's failure to take the merchandise.

The judgment for defendant is reversed and the cause is remanded for an entry of judgment for plaintiff, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.