10837

STEELE, RECEIVER, v. COLEMAN

(110 S. E. 836)

1. CORPORATIONS—FALSE STATEMENT ALL STOCK WAS ISSUED FOR VALUE IS MISREPRESENTATION OF MATERIAL FACT.—A false statement by the agent of a corporation in procuring a subscription for its stock that all stock issued was paid for in cash or in services or property at actual value, as required by Civ. Code 1912, § 2799, was a misrepresentation as to a material fact which precludes recovery by the corporation upon the note given for the stock.

2. CORPORATIONS—FALSE PROMISES TO SUBSCRIBER NOT INCLUDED IN TERMS OF SUBSCRIPTION HELD NO DEFENSE TO SUBSCRIPTION NOTE.— Allegations that the agent of a corporation who procured the subscription for capital stock for which the note in suit was given stated to the subscriber that the corporation would at once begin the manufacture of its product, and that the subscriber could buy his pro rata shares of fish scrap produced by the corporation, state no defense to recovery on the note, since such statements were no more than promises, and cannot avail the subscriber if not included within the terms of the subscription.

3. CORPORATIONS—FAILURE TO DELIVER CERTIFICATE OF STOCK DOES NOT RENDER SUBSCRIPTION CONTRACT INVALID FOR FAILURE OF CONSIDERATION.—The failure of the corporation to deliver a certificate of stock subscribed for does not render the subscription contract invalid for failure of consideration, or prevent recovery on the note given therefor; the subscriber's remedy being to enforce the corporation's obligation to deliver the certificate.

Before MEMMINGER, J., Florence, May, 1921. Reversed and remanded.

Action by J. B. Steele as Receiver of Planters Fertilizer & Oil Co. against L. B. Coleman: Judgment for plaintiff after the answer was stricken out on demurrer, and defendant appeals.

*Messrs. Willcox & Willcox, Henry E. Davis and James M. Lynch,* for appellant, cite: *Demurrer admits allegations:* 97 S. C., 413; 98 S. C., 162; 108 S. C., 364. *Right to*

*rescind contract and what amounts to rescission*: 2 Rich. L., 40; 1 Strob. L., 396; 26 S. C., 275; 62 S. C., 42; 79 S. C., 205; 86 S. C., 170; 2 Brev., 304; 1 S. C., 273. *Contracts of stock subscriptions are governed by same principles*: L. R., 2, H. L., 99; 2 Thomp. Corps., Sec. 1361; 1 Thomp. Corps., Sec. 1136; 1 Cook Corps., Sec. 52; 7 R. C. L., "Corps.," Secs. 211, 214; 28 Atl., 414; 26 S. E., 591; 30 S. E., 492; 44 Am. St. Rep., 939; 35 Am. St. Rep., 883; 58 Am. St. Rep., 249; 64 S. E., 1050; 68 S. E., 834; 37 Am. St. Rep., 897; 105 N. E., 59; 119 Am. St. Rep., 564. *Receiver steps into shoes of corporation*: 34 Cyc., 192, 388, 405; 146 U. S., 499. *Rights of creditors no higher than those of defrauded stockholder*: 72 S. C., 137; 80 S. C., 432. *In what cases Receiver can be appointed*: Code Proc. 1912, Sec. 303; Pom. Eq. Jur., Secs. 1332-1335; 34 Cyc., 76-87; 54 Pac., 540. *Subscriber may set up fraud even if corporation is insolvent*: 10 Cyc., 441; 14 C. J., 601; 2 Thomp. Corps., Secs. 1449-1453; 7 R. C. L., "Corporations," Sec. 211; 33 L. R. A., 921; 26 S. E., 591; 160 Fed., 573; 119 Am. St. Rep., 564. *And may assert such fraud against Receiver, unless estopped by conduct or laches*: 2 Thomp Corps., Secs. 1453-4; 1 Cook Corps., Sec. 164; 14 C. J., 600, 602; 7 R. C. L., "Corp'ns," Secs. 211–214; L. R. A., 1915D, 792; 58 Am. St. Rep., 249; 37 Am. St. Rep., 879; 2 Am. St. Rep., 156; 38 Am. St. Rep., 801; 20 S. E., 361; 26 S. E., 591; 41 S. E., 182; 61 S. E., 628; 68 S. E., 834; 60 Fed., 117; 160 Fed., 573; 212 Fed., 878; 217 Fed., 287. *What would estop subscriber*: 33 L. R. A., 727; Pom. Eq. Jur., Sec. 805; 12 S. C., 350; 13 S. C., 370; 57 S. C., 507; 67 S. C., 432; 67 S. C., 457; 101 S. C., 462; 104 S. C., 163; 111 S. C., 49. *Estoppel need not be pleaded*: 27 S. C., 226; 81 S. C., 329; 93 S. C., 190; 101 S. C., 462. *But must prove estoppel*: 17 S. C., 249; 35 S. C., 88; 67 S. C., 432; 96 S. C., 106; 104 S. C., 332. *Issue for jury*: 35 S. C., 88; 52 S. C., 408; 84 S. C., 426; 89 S. C., 391. *In receivership only parties in whose favor estoppel can operate are cred-*

*itors:* L. R. A., 1915D, 792. *What amounts to laches:* 43 S. C., 436; 52 S. C., 104; 62 S. C., 88; 72 S. C., 503; 76 S. C., 170; 90 S. C., 90; 97 S. C., 224; 106 S. C., 310; 111 S. C., 376. *Laches is question of fact in each case:* 14 C. J., 597; 7 R. C. L. "Corp'ns." Sec. 214; 33 L. R. A., 727; L. R. A., 1915D, 792. *Need not be pleaded:* 62 S. C., 88; 106 S. C., 310. *But must be proven:* 14 C. J., 597; 44 Am. St. Rep., 939. *Laches of subscriber is bar to plea of fraud:* 1 Cook Corpns., Secs. 161, 162; 2 Thomp. Corps., Secs. 1454, 1455; 7 R. C. L., "Corp'ns," Sec. 213; 14 C. J., 596. *Laches dates from first date when subscriber is charged with notice of fraud:* 77 S. C., 535; 114 S. C., 130. *Must act after notice:* 106 S. C., 346; 111 S. C., 347. *Answer does not show laches:* 58 S. C., 491; 13 S. C., 370; 98 S. C., 162.

*Mr. Capers G. Barr,* for respondent, cites: *Right of directors to rescind stock subscriptions:* 33 S. C., 47; 16 Wall., 395; 55 S. C., 78; 96 S. C., 432; 7 R. C. L. "Corp'ns," Sec. 215. *Subscriber must show diligence in discovery of fraud and in repudiation after discovery:* 14 C. J., Sec. 872; 7 R. C. L., "Corp'ns," Sec. 214; 134 Am. St. Rep., 286; 33 L. R. A., 727; 26 S. E., 591; 132 S. W., 1026. *Parties bound by position taken in pleadings:* 16 Cyc., 796; 23 S. C., 96; 31 Cyc., 87; 37 S. C., 389; 21 S. E., 420; 31 Cyc., 89; 53 Mich., 479; 7 L. Ed., 927; 9 L. Ed., 746. *What must be affirmatively set up in answer:* 10 S. C., 438; 58 S. C., 30; 4 S. C., 48; 9 S. C., 582. *Defense available against corporation not available against Receiver:* 34 Cyc., 406, 407; 6 Hun. (N. Y.), 164; 1 N. Y. City Cl. Sup., 30; 93 Pac., 523; 33 L. R. A., 726; 85 Ga., 238; 1 Tex. Civ. App., 58; 7 R. C. L., "Corp'ns," Sec. 235; Id., Sec. 214. *Delay may be sufficient to defeat right to rescind:* 76 Ga., 360; 91 U. S., 45; 17 Va., 87; 12 C. L. & F., 248; 14 C. J. 598, 601. *Rights of creditors intervening will require payment of subscription:* 74 Ga., 435; 147 Pa., 566; 55 S. C., 78; 96 S. C., 432.

February 27, 1922.

The opinion of the Court was delivered by Mr. Justice Cothran.

Action upon a promissory note signed by the defendant, dated May 24, 1918, due 60 days after date, amount $960, payable to himself and indorsed to the Planters Fertilizer & Oil Company, of which the plaintiff was appointed Receiver by order of Court dated June 18, 1920.

The defendant alleges in his answer that the note was given in payment of a subscription made by him to the capital stock of said corporation, 12 shares, par value $100 per share; that he paid $240 cash, and gave said note for the remainder of his subscription; that his subscription was procured by an authorized agent of the corporation upon the representations: (1) That the entire amount of stock authorized and all that had theretofore been issued was to be paid for at par value in cash or in service or property at actual value; (2) that the corporation would at once begin the manufacture of fertilizer and fertilizer material; (3) that the subscriber would be given the opportunity to buy at factory prices his pro rata share of all the fish scrap produced by the corporation.

He further alleges that said representations were false and knowingly so; that capital stock in a large amount had then been issued, or was soon thereafter issued; for which no value was paid in services or otherwise; that the corporation has never manufactured fish scrap or any other commodity, and has never been in a position to offer its stockholders or others any fish scrap or any other fertilizer material.

He further alleges that upon the payment of the $240 cash, and the execution of said note, he was entitled to receive stock of the par value of $1,200; that it has never been issued to him; that the subscription was for that reason

without consideration, and that he is entitled to a cancellation of said claim and by way of counterclaim to judgment for the $240 cash paid, with interest from May 23, 1918, at 7 per cent.

He further alleges facts which do not appear in the case of *Steele v. Singletary,* 110 S. E. 833; filed herewith that on the same day his subscription was made he and the agent who had procured it agreed that his subscription should be canceled, and that the money paid and the note delivered should be surrendered to him; that this agreement not having been carried out, the defendant appeared at a regular meeting of the stockholders, and demanded that either his money and note be returned to him, or that he be permitted to exercise the privilege of a stockholder; that he was not satisfied by the authorized officer of the company that his demand for the return of his money and note had been acceded to; and that, the entire transaction having been rescinded, he would not be permitted to exercise the rights of a stockholder.

To this answer the plaintiff interposed a demurrer upon the ground that it did not state facts sufficient to constitute a defense or counterclaim. The demurrer was sustained by the Circuit Judge, the answer was stricken out, and judgment directed for the full amount of the note in favor of the plaintiff. From this order and judgment the defendant appeals.

The observations which follow the corresponding portion of the opinion in the case of *Steele v. Singletary,* 110 S. E., 833 (filed herewith), need not be repeated at this point, and are referred to as if incorporated herein.

The first ground upon which the defendant relies to avoid his contract of subscription is the alleged representation that the stock issued was paid for in cash, or in services or property at actual value; that as a matter of fact capital stock in a large amount had been

issued, for which no value was paid either in services or otherwise. The subscriber had the right to assume, without a representation to that effect, that the corporation had complied with the provisions of Section 2799, Vol. I, Code of Laws, A. D. 1912, prohibiting the issue of stock "except for money paid, property delivered or labor done" the plain purpose of which was to "accord equal rights" to all stockholders. To do otherwise was a manifest wrong to the subscriber who paid in cash. The representation was, therefore, of a very material fact, not a promise, which naturally had its effect upon securing the defendant's subscription. Certainly if the truth had been known, it may be safely assumed that it would not have been given.

The second and third grounds above stated are no more than promises, and, if not included within the terms of the subscription, cannot avail the defendant.

The suggestion that the contract of subscription is without consideration for the reason that no certificates of stock were issued to him when he paid the $100 and gave his note for $400 is without merit, as he had the right to enforce compliance with this obligation on the part of the corporation; it is no ground for canceling the contract.

As we have endeavored to show, the only ground upon which the defendant should be permitted to contend that his contract should be annulled is that based upon the alleged misrepresentation that the capital stock issued had been paid for in money or services or property. As between him and the corporation, this misrepresentation, if established, would unquestionably avoid the contract.

But a further serious question arises: Has the subscriber the right to set up this alleged misrepresentation as a bar to an action brought by the receiver of the corporation upon the subscription? This question is discussed in the

opinion just filed in the case of *Steele v. Singletary,* to which reference is made. For the reasons stated therein, the Circuit Judge was in error in sustaining the demurrer.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. JUSTICE WATTS did not participate on account of illness.