13017

BAIN *ET AL.* v. ROGERS *ET AL.*

(155 S. E., 619)

October, 1929.

*Mr. L. M. Gasque,* for appellant, cites:

*Mr. Joe P. Lane,* for respondent,

November 5, 1930.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH.

Some time prior to the 19th day of October, 1929, the plaintiff, W. E., Bain and others, instituted this action against the defendants, L. M. Rogers and others, including the appellant, N. N. Schofield, for the enforcement of the

statutory liability of the stockholders of the defunct Bank of Fork, located at Fork, S. C.

The cause was referred to the Master of Dillon County, who found against the contention of the defendants, Autrey Carmichael and N. N. Schofield, apparently the only defendants who contested the action, and who denied liability upon the ground that they were not legal stockholders of the bank at the time of its suspension of business.

On exceptions to the report of the Master, embodying the conclusion stated, the cause was heard, and the findings of the Master confirmed by the Circuit Judge, Hon. E. C. Dennis, on the 19th day of October, 1929.

The appeal is taken from this order by the defendant, N. N. Schofield, and presents for the determination of the Court the single question as to whether he was a stockholder of the bank at the time of its failure.

It will be observed that the question to be determined here does not involve the validity of the transfer of corporate stock from one person to another, as no such transfer, under express statutory provision and the interpretative decisions of the Court, is valid, except as between the parties thereto until the same shall have been regularly entered upon the books of the corporation (Section 4320, Code of Laws, Vol. 3, 1922; *Efird v. Land,* 55 S. C., 78, 32 S. E., 758, 897; *White v. Bank,* 66 S. C., 491, 45 S. E., 94, 97, Am. St. Rep., 803; *Maxwell v. Foster,* 67 S. C., 377, 45 S. E., 927; *Man v. Boykin,* 79 S. C., 1, 60 S. E., 17, 128 Am. St. Rep., 830; *Equitable Trust Co. v. Bank,* 145 S. C., 91, 142 S. E., 811), and in such cases the transfer of the legal title thereto, in fact, depends upon the intention of the parties *(Maxwell v. Foster, supra; Equitable Trust Co., v. Bank, supra).*

Ordinarily, the ascertainment and application of the assets of a bank to the payment of its obligations and the determination of the stockholders' liability, when the subject of judicial inquiry, are matters of equity

jurisdiction *(Parker v. Bank,* 53 S. C., 588, 31 S. E., 673, 69 Am. St. Rep., 888; *Man v. Boykin, supra; Buist v. Williams,* 81 S. C., 495, 62 S. E., 859; *Wilkes & Co. v. Arthur,* 85 S. C., 299, 67 S. E., 297), and in such cases the rule is now well settled that this Court will not disturb the findings of fact by the Master concurred in by the Circuit Judge, unless such conclusions are against the clear preponderance of the evidence or without any supporting evidence *(Kaminski Hardware Co. v. Bag Co.,* 150 S. C., 244, 147 S. E., 874), and it is incumbent on the appellant to convince the Court that the Circuit Judge was in error in the conclusions reached by him on the facts *(Rivers v. Woodside Bank,* 150 S. C., 45, 147 S. E., 661).

While the evidence is conflicting and the entire record deplorably meager and unsatisfactory, a careful examination thereof discloses evidence reasonably tending in fact and inference to support the conclusions of the Circuit Judge, as a brief reference to some of its salient facts will show.

The stub of the stock certificate book shows that on the 6th day of November, 1924, twenty shares of the original capital stock of the bank, of the par value of $25 per share, were issued to the appellant. This certificate was signed by the proper officers of the bank. It was conceded that the appellant did not actually receipt on the stub for the stock, but that the cashier, who was somewhat uncertain as to his authority, signed the appellant's name on the receipt. The appellant did not attend the meetings of stockholders, and the stock in question was never actually delivered to him nor withheld from him, but was kept in the safe of the bank. He never called for the stock nor in any way sought to obtain possession of it. The cashier testified that the stock was issued and paid for with appellant's note for the sum of $500. The appellant admitted that he had a stock transaction with the bank, in which he agreed to purchase the stock in question, and does not attempt to deny

positively that the note referred to was delivered to the bank in payment of the purchase price thereof. The testimony also reasonably supports the inference that in the course of business this note, with other securities, was transferred by the Bank of Fork as collateral to the Murchison National Bank; that the latter bank sold it as such to the Marion National Bank, and the purchase thereof by the latter bank was at the suggestion of appellant, who admitted his liability thereon.

The fact that the appellant did not sign the stub receipt for the stock, upon which failure his contention seems largely to rest, is not by any means conclusive of the question. We are not aware of any provision or requirement of the law that makes such signature of a prospective purchaser of corporation stock an essential prerequisite to the valid issuance thereof and to the determination of the legal status of stockholder. Certainly, none has been invoked in this case, nor does the testimony disclose any valid rule or regulation of the bank that would impress the signing, or failure to sign, such receipt with any significant evidentiary force.

There can be no doubt that, under the facts disclosed in this case, the delivery of the certificates of stock to the appellant could not have been withheld by the bank, nor could he have defeated his subscription contract for a failure of consideration, nor prevented recovery on the note given therefor; his remedy being to enforce the obligation of the corporation to deliver the certificates. *Steele, Receiver, v. Coleman,* 120 S. C., 158, 110 S. E., 836.

The judgment of this Court is therefore that the judgment of the Circuit Court be, and the same is hereby, affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER. and CARTER concur.