PARKER v. CAROLINA SAVINGS BANK.

1. PLEADING—CORPORATIONS.—The mere designation by its corporate title is a sufficient allegation of the corporate existence of a domestic private corporation created by a *public act*.

2. EQUITY—REMEDIES—JURISDICTION—CREDITORS' BILL—NULLA BONA—STOCKHOLDERS—BANKS—STATUTORY LIABILITY.—The court of equity has jurisdiction of an action by a creditor of an insolvent bank, who sues for himself and all other creditors, to compel payment by stockholders of statutory liability; and *nulla bona* return is not necessary where insolvency is otherwise shown.

3. LIMITATION OF ACTIONS—STOCKHOLDERS—BANKS.—THE STATU-

TORY LIABILITY of stockholders of an insolvent bank to a creditor is not barred until the expiration of six years from the maturity of the debt against the corporation.

4. STOCKHOLDERS—BANKS—REMEDIES—CREDITORS—CONSTITUTION—STATUTORY LIABILITY.—Under the Constitution of 1868 and statutes thereunder, a stockholder in an insolvent bank is liable to its creditors for an amount equal to the amount of his stock, and five per cent. additional.

5. IBID.—IBID.—CONSTITUTION.—Sec. 4 of the bank act, 19 Stat., 212 (Rev. Stat., 1539), providing five per cent. liability on stockholders of banks in addition to amount of stock, is constitutional.

6. COUNTER-CLAIM—SET OFF—REMEDIES—STATUTORY LIABILITY—BANKS.—A STOCKHOLDER of an insolvent bank cannot set off a debt due him by the bank against his statutory liability to the creditors.

7. STOCK—STOCKHOLDERS—BANKS—REMEDIES—STATUTORY LIABILITY.—A holder of stock in an insolvent bank at time of assignment for benefit of creditors, and when debts sued on were contracted, cannot escape statutory liability by sale of stock afterwards, not transferred on books of corporation.

8. ASSIGNMENT—BANKS—STOCKHOLDERS.—The board of directors of a bank may authorize the proper officers to make an assignment for benefit of creditors without vote of stockholders. Rev. Stat., 1524, *construed.*

9. MORTGAGES—IBID.—IBID.—The president of a bank cannot mortgage its property without authority conferred by the stockholders in the manner provided in Rev. Stat., 1524.

10. IBID.—EQUITABLE MORTGAGE.—The mere parol deposit of title deeds as security for a debt does not create an equitable mortgage on the land. *Harper* v. *Barsh,* 10 Rich. Eq., 154; *Boyce* v. *Shiver,* 3 S. C., 528; *Hutzler Bros.* v. *Phillips,* 26 S. C., 146, *criticised.*

Before WATTS, J., Abbeville, January, 1898.    Modified.

Action in equity by Wm. H. Parker and other creditors of the Bank of Lowndesville, suing for themselves and other creditors, *v.* the stockholders of said bank, individually, and the assignee. From Circuit decree, all defendants, except assignee, appeal.

*Messrs. Buist & Buist* and *Frank B. Gary,* for Carolina Savings Bank and Hall, appellants, cite: *Corporate capacity of defendant savings bank was not alleged in complaint:* 20 S. C., 463; 13 How. Pr., 227; 17 S. W. R., 134. *Bill in*

*equity does not lie:* 19 Stat., 213; 25 S. C., 252; 42 S. C., 83; 49 S. C., 9; 4 S. C., 508; 10 S. C., 263; 46 S. C., 146. *Stockholders only liable for five per cent. additional:* Con. 1868, art. 12, sec. 6; 19 Stat., 213; 3 Rich. Eq., 232; 43 S. C., 81; 13 S. C., 225; Rev. Stat. U. S., 5151; 65 Mo., 208; 21 Wall, 249; 49 Texas, 123; Acts 1883, 472; 52 S. C., 207; Acts 1831, 63; Acts 1852, 212. *Defendant may set off debt due him by corporation against his liability:* 3 Rich., 232; 73 Fed. R., 69. *Other appellants cannot question right of savings bank to proceeds of sale of Matthews land:* 10 Wall., 604; 104 U. S., 192; 1 Pet., 449; Acts of 1886, 548; 96 U. S., 267; 131 Mass., 275; 67 Fed. R., 469; 51 S. C., 1; 29 N. J. Eq., 224; 18 N. J., 106; 10 Rich. Eq., 154; 3 S. C., 528; 26 S. C., 146; 12 S. R., 646; 16 S. R., 903; 17 S. R., 385; 39 N. E. R., 1, 107; 51 S. C., 442; Rev. Stat., 2147; 27 S. C., 285.

*Messrs. Simons, Seigling & Coppelman* and *L. W. Perrin*, for appellants, Wagener & Co. and Wieters—the latter cites: *Suit in equity not proper:* 22 S. C., 296; 25 S. C., 350; 92 U. S., 156. *Liability of stockholders under statute:* 19 Stat., 212; 10 Rich. Eq., 518; 7 N. Y., 97; 2 Pet., 93; 66 Md., 215; 8 B. & C., 99; 1 El. & Bl., 516; 11 N. Y., 601; 12 Stat., 212; 13 Mo. App., 48; 65 Mo. 208; 13 S. C., 222; Gen. Stat., 1362; 22 S. C., 297; 43 S. C., 81; 14 Stat., 180; 15 Stat., 842, 862; 16 Stat., 83; 13 Wall., 242; 2 Wend., 274; 21 Wall., 251; Con. 1895, sec. 18, art. 9; Con. 1868, sec. 6, art. 12; 17 Mass., 94.

*Messrs. Graydon & Graydon,* for appellants, Tennant, Barnes, Simpson, Moseley, Johnson, and Kennedy, cite: *Complaint does not show that legal remedy has been exhausted, and resort to equity is necessary:* Con. 1868, sec. 6, art. 12; 19 Stat., 546; 25 S. C., 349; 104 U. S., 216; 87 U. S., 520; 14 S. C., 494; 20 S. C., 79; 109 U. S., 371; 43 S. C., 80; 49 S. C., 7; 19 Stat., 212.

*Messrs. DeBruhl & Lyon*, for Clinkscales, appellant, no printed argument.

*Mr. Wm. H. Parker*, contra, cites: *Proof of corporate capacity of Maspero Wigginton Company sufficient:* 8 S. C., 111; 21 S. C., 33; 25 S. C., 315; 31 S. C., 313; 35 S. C., 372; 40 S. C., 36; 41 S. C., 73; 14 S. C., 51; 31 S. C., 313; 41 S. C., 397; 47 S. C., 67; 52 S. C., 226. *Allegation as to corporate capacity of Carolina Savings Bank sufficient:* 37 S. C., 327; 32 S. C., 187; Code, 163; 20 S. C., 412; 52 S. C., 206; 31 S. C., 513. *Equity has jurisdiction:* 25 U. S., 294; 92 U. S., 161; 10 S. C., 263; 13 S. C., 221; 21 Am. St. R., 795; 85 N. C., 441; 45 S. C., 319; 22 S. C., 297; 33 S. C., 542. *Action not barred:* Code, 140, 130; Gen. Stat., 1500; 19 Stat., 212. *Assignment valid:* Gen. Stat., 1538, 1504, 1522, 1537, 1505; 39 S. C., 51. *Liability of stockholders for corporate debts:* 22 S. C., 286; 13 S. C., 22; 6 Rich. Eq., 235; Rev. Stat., 1539, 1531; 31 Am. St. R., 626; 17 Stat., 284; 18 Stat., 471; 19 Stat., 75, 514; Rev. Stat., 1500; 13 S. C., 220; 43 S. C., 81; 3 Rich. Eq., 223; 18 N. Y., 199; 48 Minn., 140; 24 Ill. App., 537; 120 Ill., 350; 18 Wall, 389; 19 Stat., 14. *Additional five per cent.:* Con. 1868, sec. 1, art. 12; Rev. Stat., 1499; 13 S. C., 22. *Carolina Savings Bank not entitled to set off:* 17 N. Y., 458; 18 N. Y., 189; 3 S. C., 352; Code, 171.

*Mr. J. N. Brown*, also contra, cites: *Oral demurrer of savings bank properly overruled:* 32 S. C., 188; 5 Bos. (N. Y.), 716; 30 Bar., 491; 9 Abb., 218; 18 How., 308; 40 N. Y., 410; Code, 196, 169; 47 S. C., 66; 52 S. C., 205; 25 S. C., 315; 31 S. C., 313; 15 Stat., 677; 19 Stat., 470; 21 Stat., 572; 20 How., 227; 9 Rich., 495; 17 Ala., 754; 31 Ga., 69; 9 Grat. (Va.), 127; Code, 184; 52 S. C., 382; 2 Rich. Eq., 63. *Pleadings and facts make case for equitable relief:* 4 S. C., 508; 97 U. S., 177; 5 Bos. (N. Y.), 397; 14 Abb., 379. *Suit is not barred:* Code, 130; Rev. Stat., 1500; 13 S. C., 221; 19 Stat., 212, 540, 546. *Liability of stock-*

*holders:* Con. 1868, sec. 6, art. 12; 3 Rich. Eq., 225; Rev. Stat., 1539, 1500; 12 Stat., 212; 9 Rich., 495; 19 Stat., 212, 540. *Carolina Savings Bank cannot set off its claim:* 97 U. S., 177. *Maspero Wigginton Company need not prove incorporation:* Code, 189; 8 S. C., 111; 31 S. C., 309.

*Mr. J. W. Quattlebaum,* also contra, cites: *On question of jurisdiction:* Code, 140; 74 N. Y., 143; 101 U. S., 216; 20 Wall., 520; 2 Otto, 156; 13 S. C., 221; 4 S. C., 508; 10 S. C., 508; 101 U. S., 216. *Nulla bona not necessary:* 101 U. S., 688; 33 S. C., 539; 13 S. C., 223. *Not necessary to allege incorporation of savings bank:* 15 Stat., 677; 21 Stat., 572; 20 How, 227; 4 Pet., 152; Code, 165; 25 S. C., 309; 9 S. E. R., 968; 52 S. C., 207. *Corporation of plaintiff company not denied:* 21 S. C., 37; 3 S. E. R., 82. *Claims not barred:* Rev. Stat., 1500, 1548; 121 U. S., 527; 47 Ohio St., 180. *Incorporation of Bank of Lowndesville not questioned here:* 51 S. C., 129; Rev. Stat., 1519; 16 Ind., 275; 7 Gray, 113. *Set off of debt by stockholder against liability not allowed:* 105 U. S., 152; 17 Wall., 622. *Wagner & Co. cannot escape liability by transfer of stock:* 17 Fed., 308; Rev. Stat., 1529. *Stockholders' liability to creditor:* 101 U. S., 205; 18 N. Y., 199; 3 Rich. Eq., 225; 85 Ala., 401; 120 Ill., 350; 8 Con., 387.

Dec. 13, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action by certain creditors, suing on behalf of themselves and all other creditors, against the assignee of the Bank of Lowndesville and its stockholders, for an accounting of the assets of the bank, and to enforce the statutory liability of stockholders for the debts of the bank.

From the decree of the Circuit Court, the defendant stockholders appeal on numerous exceptions, which mainly raise questions which will be considered and disposed of as follows: 1. The Circuit Court properly overruled the oral demurrer of the Carolina Savings Bank, that the complaint

did not state facts sufficient to constitute a cause of action, in not setting out in the body of the complaint that said bank is a corporation doing business under the laws of this State. In the title of the case the defendant is styled "Carolina Savings Bank, a corporation under and by virtue of the laws of the State of South Carolina," and in the twentieth paragraph of the complaint it is alleged that "the defendants above named * * * were, as appears from the books of said bank, stockholders in said Bank of Lowndesville, each in the amount set out as follows, to wit: Carolina Savings Bank, fifty shares, &c." The Circuit Court held that this was a sufficient allegation of corporate existence. Whether this would be so in a case wherein it is essential to allege a corporate existence may be doubtful, but in this case clearly the ruling is correct. There are numerous authorities or cases to the effect that in an action by or against a corporation in which it was designated by a corporate name, there was no necessity to allege the creation or existence of the corporation. See note, 35 Am. St. Rep., 291, 292. In this case, it appears that the "Act to amend and renew the charter of 'Carolina Savings Bank,'" approved December 20, 1893, 21 Stat., 572, is made a *public* act. The validity of this act not being in question, the Court would take judicial notice of the fact of defendant's corporate existence. Such fact not being issuable, need not be alleged. The rule which requires that in an action by or against a corporation, its corporate existence be shown, does not apply to a domestic municipal corporation, or a domestic private corporation created by a public act. Bliss on Code Pleading, sec. 246.

2. The court of equity has jurisdiction to entertain this suit, and the pleadings show a case for equitable relief. The Bank of Lowndesville was incorporated February 16th, 1891, under the provisions of the act of December 23d, 1886, 19 Stat., 540, and thereby became subject to the act to provide for and regulate the incorpora-

tion of banks in this State, approved December 24th, 1885, 19 Stat., 212. Section 4 of this act (Rev. Stat., 1539,) provides: "The stockholders of said bank shall be liable to the amount of their respective share or shares, and five per cent. thereof in addition thereto, for all its debts and liabilities upon note, bill or otherwise." Under this statute, all the stockholders are liable to the extent named for all the debts of the corporation. Every creditor has an interest in the liability of every stockholder. Thus a common fund is created in which all the creditors are interested. Unless there is something in the statute authorizing a different course, the natural and appropriate remedy is in equity to realize and distribute this common fund. The Bank of Lowndesville is alleged and shown to be insolvent, and its creditors and stockholders are numerous. Even if it be conceded that a remedy at law exists under this statute, still jurisdiction in equity is concurrent. To leave each creditor to single out for suit one or more stockholders at law would entail a multiplicity of suits, and result in an unequal distribution of the assets for creditors, all of which is prevented by entertaining this proceeding in equity. The case of *Hall & Co.* v. *Klinck*, 25 S. C., 352, which held that any creditor might bring his individual action at law against any stockholder, was based upon the peculiar language of the statute involved in that case, which the Court construed as fixing a liability to a specified amount upon each stockholder to pay the demand of any creditor. Hence it was held that an action at law might be maintained in that case, but the Court did not hold that even under that statute an action in equity might not also be sustained in a proper case. Where the statute provides a remedy in law or equity, that remedy alone should be followed; but where the statute does not prescribe the remedy to be in law or equity, the remedy may be in either, according to the circumstances of the case or the nature of the relief desired. In this case not only is there a fund, in which all the creditors are interested, to be collected and distributed, but it

appears that some of the stockholders are also creditors, thus presenting conflicting rights and equities for adjustment. It was not necessary that the complaint should show return of *nulla bona* against the corporation before proceeding to enforce the statutory liabilities; first, because the statutory liability is primary; and, second, because insolvency being alleged and shown, *nulla bona* would be a useless proceeding. *Bird & Co.* v. *Calvert*, 22 S. C., 292.

3. The claims of creditors, who came in under the order of the Court and proved the same, are not barred under the two years limitation of the general corporation act, 19 Stat., 540. The banking act, 19 Stat., 212, prescribes no limitation to actions against stockholders, and in the general corporation act, sec. 22, appearing as sec. 1500, Revised Statutes, railroad and banking corporations are expressly exempted from the provisions which include the two years limitation. By sec. 130 of the Code, it is provided that actions against stockholders of a banking corporation to enforce a liability created by law, must be brought within six years after the creation of the liability, unless otherwise provided in the law under which such corporation is organized. It is not contended that the claims were not established within six years after the creation of the liability.

4. The defendant stockholders are liable to the creditors of the bank for a sum equal to the amount of their respective shares, and five per cent. in addition thereto. In other words, the measure of the stockholder's liability is a sum equal to 105 per cent. of the amount of his stock. Art. XII., sec. 6, of the Constitution of 1868, provides that "the General Assembly shall grant no charter for banking purposes, nor renew any banking corporations now in existence, except upon condition that the stockholders shall be liable to the amount of their respective share or shares of stock in any such banking institution for all its debts and liabilities upon note, bill or otherwise." Section 4 of the banking act, already quoted, uses

the language of the Constitution in providing for the liability of stockholders. It is contended that the stockholders' liability, as expressed by the words, "to the amount of their respective share or shares of stock," is limited to the mere loss of their stock. But this construction would give no force to the provision of the Constitution and act pursuant thereto, since, without any such provision, all the corporate property represented by the stock would be liable for the debts of the corporation. Evidently, therefore, the intention was to provide for a liability beyond the mere loss or forfeiture of the stockholders' interest in the corporate property, as this interest is necessarily involved in the liability of the corporation for its debts. By the common law a stockholder is not individually or personally liable for the debts of the corporation, hence the object of such provision was to create a personal liability of the stockholder beyond and cumulative to the liability of the corporation itself, thus affording additional protection to the public dealing with the corporation. The extent of this personal liability is not the stock, but the *amount* of the stock, or an amount equal to the amount of the stock, the stock being referred to merely as a certain and convenient method of designating or measuring the sum for which each stockholder is liable. With few exceptions, this is the construction generally placed upon similar constitutional or statutory provisions. Morse on Banks, sec. 675; *In re Empire City Bank*, 18 N. Y., 199, citing *Briggs* v. *Penniman*, 8 Cow., 387, and *Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend., 473; *Root* v. *Sinnock*, 120 Ill., 350; s. c., 60 Am. Rep., 559; *Pettibone* v. *McGraw*, 6 Mich., 441; *Willis* v. *Mabon*, 48 Minn., 140; s. c., 31 Am. St. Rep., 628; 23 Ency. Law, 867. We have no case in our own reports directly decisive of the question before us, but see *Sackett's Harbour Bank* v. *Blake*, 3 Rich. Eq., 225; *Terry* v. *Calnan*, 13 S. C., 225.

It is also contended that the provision in section 4 of the said banking act, for the five per cent. in addition to the

amount of the stock, is unconstitutional. There would be much force in this contention if sec. 6, art. 12, of the Constitution of 1868, was self-executing, and stood alone as fixing the liability of the stockholder at a specified sum, in which case the legislature could neither increase nor diminish the liability. But the above provision of the Constitution was not self-executing. It was expressly addressed to the General Assembly to regulate its action in granting charters for banking purposes. Section 4 of that article of the Constitution provides that "Dues from corporations shall be secured by such individual liability of the stockholders and other means as may be prescribed by law;" and sec. 5 provides: "All general laws and special acts passed pursuant to this section shall make provisions therein for fixing the personal liability of stockholders under proper limitations, &c." Reading these sections together, the General Assembly had no power to grant a charter for banking purposes without providing for the personal liability of stockholders at least in a sum equal to the amount of their respective shares, but had power to provide for a greater liability. Sec. 4 of the banking act, therefore, does not conflict with the provisions of the Constitution of 1868. We may add here, that the provisions of the Constitution above quoted, emphasizing the duty of the legislature to *secure* the debts due by the corporation, by providing for the *individual* liability of the stockholder, clearly show an intention that the liability should go beyond the mere loss of the stockholder's interest in the corporate property.

5. The Carolina Savings Bank and the estate of A. J. Clinkscales cannot set off the claims due them by the Bank of Lowndesville against their statutory liability as stockholders. The statutory liability is exclusively for the benefit of the creditors, and is enforceable by the creditors, and not by the corporation. Creditors sue in their own right, and not by or through the corporation. 2 Morawitz on Corporations, sec. 869; 3 Am. St. Rep., 847.

The claims of the Carolina Savings Bank and of the estate of Clinkscales are not against the plaintiffs or other creditors, but against the Bank of Lowndesville. Under our construction of the statute creating the liability, each creditor may not pursue any stockholder for his debt; on the contrary, the statute provides a fund for ratable distribution among all the creditors. It follows, from the foregoing, that the respective claims lack the essential element of mutuality in order to warrant either a legal counter-claim or an equitable set-off. If each creditor had the right to enforce his claim against any stockholder, some authorities hold that when creditor and stockholder unite in the same person, equity would not take from the stockholder what he was entitled to receive, and had in possession as creditor, merely to give to another creditor with no greater equity. But our statute is not so. But, further, since our statute creates a fund for distribution among all creditors ratably, it would be inequitable to other creditors to allow a stockholder in an insolvent bank to set off his claims against the corporation against his statutory liability, for this would give him a preference. Equality here is equity. The stockholder must pay in his dues under the statute, and then share in the common fund ratably with the other creditors. Authorities are very numerous to the effect that in a suit in equity to compel payment of subscriptions for capital stock, a stockholder cannot set off a debt due him by the corporation. This is so held, because stock subscriptions are treated as a trust fund, in case of insolvency, for the benefit of the corporation creditors, and equity requires its ratable distribution. The same rule should prevail when the statute creating the individual liability of stockholders is construed as providing a common fund for all the creditors. See note, 3 Am. St. Rep., 826; Thompson's Liability of Stockholders, sec. 381; 2 Morawitz on Corporations, sec. 861; 2 Morse on Banks, sec. 691; 2 Beach on Corporations, sec. 727; 23 Ency. Law, 846.

6. F. W. Wagner & Co. and G. A. Wagner are not ex-

38—53

empt from liability as stockholders by reason of the attempted transfer of stock, twenty-seven shares, to J. D. Kelly. It is conceded that they were holders of the stock when the Bank of Lowndesville failed and made an assignment for creditors, March 1, 1894. After this, on June 6, 1894, they sold their stock, executing an assignment or transfer thereof in blank on the certificates of stock and delivering the same, but it is not claimed, and there was no evidence to show, that such stock was transferred on the books of the bank. Sec. 1529, Rev. Stat., 20 Stat., 47, provides that "no transfers of stock shall be valid, except as between the parties thereto, until the same shall have been regularly entered upon the books of the company, &c." This statute not having been complied with, so far as creditors of the bank are concerned, these appellants were stockholders when the action was commenced. The evidence further shows that they were stockholders when the debts established in this case were contracted. As there was no transfer of stock in this case, we need not consider under what circumstances a transfer of stock would exempt the transferrer from liability under the statute.

7. The assignment for the benefit of creditors by the Bank of Lowndesville is not invalid for want of the vote of the stockholders therefor, it having been executed by the proper officers by resolution of the Board of Directors. We do not construe Sec. 1524, Revised Statutes, 19 Stat., 543, as regulating the manner of executing an assignment for the benefit of creditors by a corporation. It provides as follows: "Any company organized under the provisions of this article may borrow money for the purpose of carrying out the object of its charter, and may make notes, bonds, or other evidences of debt, and by a vote of a majority of the stock, had at a meeting called for the purpose, by advertisement, as provided in the preceding section of this article, may secure the payment of said notes, bonds or evidences of debt by

mortgage or deed of trust on all or any of its property and franchises, both real and personal." An assignment for the benefit of creditors is a transfer of *all* of the insolvent debtor's property for the purpose of applying the same to the payment of his debts without preference. The mortgage or deed of trust on all or *any* of the debtor's property to *secure* the payment of notes, &c., referred to in statute quoted, could not fairly be construed as embracing a deed of assignment for the benefit of creditors. The statute relates to the conduct of the corporation's business as a going concern. In the absence of legislation prohibiting or regulating the same, an insolvent corporation may make an assignment for the benefit of creditors, as a natural person may do, by virtue of its general power to contract, acquire, and transfer property. 1 Morse on Banks, sec. 120; 1 Beach on Corporations, secs. 357, 358; *Dabney, Morgan & Co.* v. *Bank of State*, 3 S. C., 156. The bank as a corporation acts through its governing body, the board of directors, unless otherwise provided by law. The assignment, therefore, having been executed by the proper officers by authority of the directors, is valid.

Up to this point we concur with the decree of the Circuit Court. We come now to the only question as to which we disagree with the Circuit Court. 8. The Carolina Savings Bank did not acquire an equitable mortgage on the Matthews land by reason of the deposit of the title deeds thereof by the president of the Bank of Lowndesville, to secure its debt to the Carolina Savings Bank. In holding to the contrary, the Circuit Court erred. In the first place, the deposit of the title deeds by the president, if intended as a mortgage, was *ultra vires*. The testimony shows that the title deeds were deposited without any authority from directors or stockholders. Sec. 1524, already quoted above, is a limitation on the power of the bank to to mortgage its property. The power to mortgage must be exercised in the manner prescribed by the act. If the president of the Bank of Lowndesville was without power to

execute a legal mortgage for want of compliance with the statute, his act in depositing the title deeds without the requisite authority could not create an equitable mortgage. But, in the second place, the deposit of title deeds as a security for debt does not, in this State, create an equitable mortgage on the land.    The evidence does not satisfy us that there was any written agreement showing a purpose to create a mortgage by the deposit of the deeds.    We treat the case, therefore, as a mere parol deposit of title deeds as a security for debt.    There are cases in this State containing *dicta* to the contrary of the view now announced by this Court, as in *Harper* v. *Barsh*, 10 Rich. Eq., 154; *Boyce* v. *Shiver*, 3 S. C., 528; *Hutzler Bros.* v. *Phillips*, 26 S. C., 146; but it has never been decided in this State that the mere deposit of title deeds to secure a debt creates an equitable mortgage.    See the separate opinion of the present Chief Justice in the case last above cited.    While Chief Justice Simpson expressed such a view in his opinion, the other members of the Court did not commit themselves to that view.    The rule is well established in England, and has received some support in this country, that an equitable mortgage on the land is created by the deposit of title deeds as security for debt, but the doctrine is generally rejected in the United States.    The rule, as administered in England, grew out of the fact that there was no general system of registration as in this country, and the system of conveyancing rendered it necessary to have possession of the muniment of title.    Under our system of registration and conveyancing, possession of the original title deeds is of little consequence, as the records or certified copies may take their place.    The reason of the rule, therefore, does not exist in this country.    It is the general policy here to spread liens upon property upon the public records and thus avoid the great danger of secret liens.    See 6 Enc. Law, 683; Jones on Mortgages, sec. 185, and authorities cited.

The judgment of the Circuit Court is modified in the particular last above discussed, but in all other respects it is affirmed.