## 11675

### SMOAK v. PEOPLES BANK OF BAMBERG ET AL.
### STATE EX REL BRADLEY, STATE BANK EXAMINER v. PEOPLES BANK OF BAMBERG

#### (126 S. E., 399)

1. BANKS AND BANKING—JUDGMENT HELD ERRONEOUS IN SO FAR AS IT HELD BANK STOCKHOLDERS LIABLE FOR MORE THAN STOCK OWNED AS ALLEGED IN COMPLAINT.—In action by depositor of insolvent bank against stockholders to enforce stockholders' liability, judgment against certain defendants *held* erroneous in so far as it exceeded the amount of stock held by such defendants as alleged in complaint.

2. PLEADING—ANSWER NOT PROPERLY VERIFIED UNDER CODE WAS PROPERLY STRICKEN.—Answer not properly verified under the Code was properly stricken.

3. BANKS AND BANKING—DEPOSITORS COULD BRING ACTION TO ENFORCE STOCKHOLDER'S LIABILITY BEFORE RECEIVER HAD WOUND UP THE AFFAIRS OF THE BANK.—Depositor of insolvent bank could bring action to enforce stockholders' liability before receiver had wound up the affairs of the bank.

Before SEASE, J., Bamberg, April, 1924. Affirmed as modified.

In the matter of the proceedings of the State of South Carolina, on the relation of W. W. Bradley, State Bank Examiner, against the People's Bank of Bamberg, S. C. Suit by Mrs. Georgia Emma J. Smoak, in behalf of herself and other depositors of the bank, against the bank, Mrs. May B. Williams, and other stockholders, for appointment of receiver and for enforcement of stockholders' liability. Judgment for plaintiff, and defendant, Mrs. May B. Williams, appeals.

The complaint alleged that defendant, May B. Williams, owned 20 shares, worth $2,000.00.

*Mr. E. H. Henderson,* for appellant cites: *Statutory liability as a stockholder of a bank:* Code 1922, Sec. 3998. *Answer:* Code of Proc. 1922, Sec. 410. *As to sham:* 43

S. C., 25; 31 Cyc., 626; 97 S. C., 393; 9 S. C., 438; 6 S. C., 113; Bryant Code Pl., 292; 85 S. C., 341; 106 S. C., 547.

*Messrs. S. G. Mayfield* and *J. Wesley Crum,* for respondent.

February 6, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This was a motion by the plaintiff to strike out the joint answer of the defendants, Jones A. Williams and Mrs. May B. Williams, his wife, on the grounds that the same was frivolous and sham, and for judgment against the defendants for the amount named in plaintiff's complaint with interest, attorney fees, and costs.

"The motion was heard by his Honor, Judge Sease, at the April, 1924, term of Court of Common Pleas for Bamberg County, upon the notice, complaint, and answer of Jones A. Williams and Mrs. May B. Williams, service by the Sheriff, affidavit and exhibits used by both plaintiff and defendant on the hearing before his Honor and the admission of the ownership of the stock.

"His Honor, after hearing the affidavit and the production of the aforesaid papers, awarded judgment against the defendants, Jones A. Williams and Mrs. May B. Williams, for the amount demanded in the complaint with interests and costs. His Honor allowed judgment to be entered immediately against the defendants, and thereafter Mrs. May B. Williams appealed to the Supreme Court."

The exceptions are:

"The defendant, Mrs. May B. Williams, respectfully appeals and excepts to the order of his Honor, the Circuit Judge, bearing date April 24, 1924, on the following grounds:

"(1) In striking out the answer of the defendant, Mrs. May B. Williams, and giving judgment against her; the

error being that the answer positively denied material allegations of the complaint, and the same was not sham.

'(2) In not holding that the answer of the defendant, Mrs. Mary B. Williams, denied material allegations of the complaint, and in not holding that the motion to strike out and give judgment should have been refused.

"(3) In giving judgment against the defendant, Mrs. May B. Williams, in the sum of $3,400.00; the error being that, while the answer. denied material allegations of the complainant and no judgment should have been given, the amount of the judgment was not in accordance with the complaint."

Exception 3 is sustained. His Honor committed error in giving judgment for $3,400.00 instead of $2,000.00. The judgment must be modified by making the amount due $2,000.00 instead of $3,400.00.

The other exceptions must be overruled. The answer was not properly verified under the Code.

There is no doubt that the bank was insolvent; a receiver was appointed and no quick assets to pay creditors and depositors.

The depositors had the right to bring their action; they were not required to wait until the receiver wound up the affairs of the bank. *Ex parte Berger* (*Livingston v. Columbian Banking & Trust Co.*), 81 S. C., 252; 62 S. E., 249; 22 L. R. A. (N. S.), 445. *Arthur v. Bank,* 99 S. C., 352; 83 S. E., 778.

There is no merit in the exceptions. Judge Sease is sustained by the facts of the case and he committed no error. The judgment is modified by giving judgment for $2,000.00 against the appellant, instead of $3,400.00.

Judgment as modified affirmed.

MESSRS. JUSTICES FRASER, MARION and COTHRAN concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.