February 26, 1927. The opinion of the Court was delivered by
This is an appeal from an order of his Honor, Judge Dennis, refusing a motion by the defendants to set aside the summons and complaint and abating the cause of action, upon certain grounds, and also from an order of the same judge, signed on the same day, December 18, 1925, overruling the demurrer interposed by the defendants to the complaint upon the general ground, with specifications.
It appears that on May 11, 1925, the board of directors of the Citizens' Exchange Bank of Denmark, under Section 3981, Vol. 3, Code 1922, by proper resolution, requested the state bank examiner "to take and retain sole possession and *Page 428 
control of the property and business of" the bank "for not exceeding 30 days"; that immediately the examiner complied with said request; that on May 23, 1925, the stockholders adopted a resolution that with the consent of the examiner application be made to the Court for an order authorizing the bank "to liquidate its affairs under the sole supervision and control of the examiner and subject to the order of the said Court.". To this application the examiner consented, and on June 9, 1925, his Honor, Judge Rice, passed an order conformable to the application.
The bank then proceeded to liquidate its affairs, we assume with the directors as liquidating trustees, as indicated as the proper course in Brown v. Hammett, 133 S.C. 446;131 S.E., 612.
On August 13, 1925, the present proceeding was instituted by Sarah Ford, suing on behalf of herself and all other depositors of the Citizens' Exchange Bank, against Laura Sauls and others, stockholders in said bank, upon their constitutional and statutory liability, alleging the insolvency of the bank. The writing setting forth the alleged cause of action was denominated a complaint; was accompanied by a summons served with the complaint upon the defendant Laura Sauls and perhaps others; it was entitled: "Sarah Ford, Suing on Behalf of Herself and Other Depositors of the Citizens' Exchange Bank of Denmark, S.C., plaintiff, against Mrs. Laura Sauls (then follows a long list of other names), defendants. Ex Parte the Citizens' Exchange Bank of Denmark. In re. Liquidation of the Affairs of the Citizens' Exchange Bank of Denmark, S.C." — apparently an effort to comply with the proviso in Section 3981, which will hereinafter be considered.
The defendants then made the motion and interposed the demurrer referred to in the opening paragraph of this opinion. The grounds of same need not be set forth, as in the argument of counsel for the appellants it is stated, "The real *Page 429 
question to be determined by this appeal is whether this action can be maintained under Section 3981 of the Code"; and so it will be considered.
Counsel for the appellants contends that the action instituted by the plaintiff is not a proceeding "in the cause in which the order of liquidation was granted," and for that reason comes within the inhibition of the proviso in Section 3981:
"That during the periods when the examiner is in control of said corporation no action or proceeding against said corporation or its stockholders shall be instituted except in the cause in which the order of liquidation was granted."
We think that the counsel is correct in this contention, and that the proceeding is really an independent action, in the nature of a creditor's bill, for the recovery of the statutory liability of all of the stockholders, for the benefit of all of the depositors, a matter that does not concern the liquidating trustees of the bank, and, for that reason, not within the inhibition of the proviso, which refers only to actions or proceedings affecting the liabilities or assets of the bank.
The right of action upon the statutory liability of a stockholder has been invariably held by this Court to be a personal right of the depositors, enforceable by them in an action in the nature of a creditor's bill. It can, therefore, be no part of the assets of an insolvent bank, with which the liquidating trustees or the receiver, as the case may be, are charged with the duty of assembling and distributing.
In Parker v. Bank, 53 S.C. 583; 31 S.E., 673; 69 Am. St. Rep., 888, certain creditors of the defunct bank, who were also stockholders, sought to set off their claims as creditors against their statutory liability as stockholders. Their claims were disallowed, for the very good reason stated by the Court: *Page 430 
"The statutory liability is exclusively for the benefit of the creditors, and is enforceable by the creditors and not by the corporation. Creditors sue in their own right and not by or through the corporation."
For this reason it was held that a single creditor might maintain a creditor's bill on behalf of all creditors, avoiding a multiplicity of suits.
In Buist v. Williams, 81 S.C. 501; 62 S.E., 861, the Court said:
"Creditors of an insolvent bank are not required to exhaust the assets of the bank before suing the stockholders on their liability fixed by law. Bird v. Calvert, 28 S.C. [22 S.C.], 292. Parker v. Bank, 53 S.C. 583;31 S.E., 673 [69 Am. St. Rep., 888]. Hence, when a bank becomes insolvent the creditors have two remedies which they may enforce, simultaneously. They may sue the bank and have a receiver appointed for the collection of the assets and application of them to the debts, and, at the same time, sue the stockholders on their liability."
In Smoak v. Bank, 131 S.C. 54; 126 S.E., 399, the Court said:
"The depositors had the right to bring their action; they were not required to wait until the receiver wound up the affairs of the bank."
In the case of State v. Bank of Clio, 129 S.C. 109;123 S.E., 773, a creditor by note filed a petition in the case, in which a receiver had been appointed, for leave to surrender his note and take in substitution a certificate of deposit which he had surrendered at a prior time for the note, so that he might recover as a depositor upon the stockholders' statutory liability. The petition was dismissed in this Court upon the ground that the Court had no jurisdiction of the matter, for the reason that the petitioner's controversy was with the stockholders and not with the receiver. "That this controversy does not in any wise concern the receiver of the *Page 431 
bank * * *. That is a matter with which the receiver is not at all concerned; it is entirely separate and distinct from the administration of the estate in his hands."
That the liability of the stockholders to the depositors is an individual liability to the depositors only, and is not an asset of the bank, the receiver having nothing to do with it, is sustained also by the following authorities:Alsop v. Conway (C.C.A.), 188 F., 568. Zang v.Wyant, 25 Colo., 551; 56 P., 565; 71 Am. St. Rep., 145.Flynn v. Bank, 104 Me., 141; 69 A., 771; 19 L.R.A. (N.S.), 428; 29 Am. St. Rep., 378. Bank v. Ellis, 166 Mass. 414;44 N.E., 349; 55 Am. St. Rep., 414. Bank v. Ellis,172 Mass. 39; 51 N.E., 207; 42 L.R.A., 396; 70 Am. St. Rep., 232. Golden v. Cervenka, 278 Ill., 409; 116 N.E., 273.
In Runner v. Dwiggins, 147 Ind., 238; 46 N.E., 580; 36 L.R.A., 645, the Court says (quoting syllabus):
"The double liability of the stockholders of a bank is not a `right' or `credit' of the bank, which Rev. St. 1894, § 2908 (Rev. St. 1881, § 2671), authorizes the assignee for the benefit of creditors to collect, but is enforceable only by the creditors."
In Morawetz, Priv. Corp. § 869, it is said:
"A provision of this character does not increase the capital or pecuniary resources of a corporation, except indirectly by increasing its commercial credit; its object is merely to provide a security for creditors in addition to the security furnished by the company's capital. The liability thus assumed by the shareholders is solely for the benefit of the company's creditors. The corporation and its officers and agents cannot dispose of or control it in any manner."
In Thomp. Com. Corp., § 3560, it is said:
"It may be stated as a general rule that statutes making stockholders individually liable to creditors independently of what they owe the corporation on account of their stock, create a right flowing directly from the stockholders to *Page 432 
creditors. The sums thus created form no part of the assets of the company, but are a supplemental or superadded security for the benefit of creditors. An attempted assignment of this security is therefore inoperative. No action to enforce such liability can be brought by a receiver or assignee of the corporation; such an action must be brought by one or more of the creditors."
In Cook on Stock and Stockholders, § 216, it is said:
"The statutory liability of the stockholders is created exclusively for the benefit of corporate creditors. It is not to be numbered among the assets of the corporation and the corporation has not right or interest in it."
See, also, Jacobson v. Allen (C.C.), 12 F., 454. Fransworthv. Wood, 91 N.Y., 508; 3 R.C.L., 31. McLaughlinv. Kimball, 20 Utah, 254; 58 P., 685; 77 Am. St. Rep., 908.Zang v. Wyant, 25 Colo., 551; 56 P., 565; 71 Am. St. Rep., 145. Colton v. Mayer, 90 Md., 711; 45 A., 874; 47 L.R.A., 617; 78 Am. St. Rep., 456.
It is contended by counsel for the appellant that a proceeding for liquidation of a bank under Section 3981 is available only in cases involving a solvent bank; that if the bank is insolvent the proceeding provided for in Section 3985 is exclusive. For this reason it is argued that the plaintiff having alleged the insolvency of the bank, has cut herself off from relief under Section 3981, assuming that the proceeding comes within the proviso of Section 3981.
We do not so construe the sections. On the contrary, Section 3981 applies without distinction to insolvent as well as solvent banks, and if the bank be found to be insolvent, the discretion is vested with the examiner to proceed under either Section 3981, by liquidation, or under Section 3985 by receivership. It is conceivable that the conduct of the directors may have been such that actions against them would be advisable, in which event it would clearly be inexpedient *Page 433 
to commit the liquidation to them; or for many possible reasons the examiner might determine that a receivership under a capable, disinterested receiver would be preferable. At the same time, where there has been no suspicion of wrong-doing or negligence and the directors familiar with local conditions have the confidence of the examiner, liquidation by them would be preferable. This matter is intended to be committed to his wise discretion.
Appropriate to the discussion is an order refusing a supersedeas
in the case of Ex parte Brown et al., signed by the writer of this opinion on January 8, 1927, which the reporter will reproduce in the report of this appeal.[1]
After the filing of that order the appeal was dismissed by consent.
It goes without saying that the plaintiff's cause of action must be sustained by proof of the insolvency of the bank, an issue of fact.
The judgment of this Court is that the orders appealed from be affirmed, and that the case be remanded to the circuit Court for further proceedings.
MR. CHIEF JUSTICE WATTS, MESSRS. ASSOCIATE JUSTICES BLEASE and STABLER, and MR. ACTING ASSOCIATE JUSTICE PURDY, concur.
[1]
 ORDER
This is an application before me ex parte, for an order of supersedeas, staying the execution of an order by his Honor, Judge Townsend, appointing a receiver of the Bank of Inman, admittedly insolvent, from which the defendants have appealed, as appears from the certified copy of notice of appeal duly served and filed with the clerk of this Court.
It is a delicate power, to be exercised only upon a clear showing of abuse of discretion or power, for a justice of this Court, upon an exparte application, to interfere with an order of a Circuit Judge, passed after full argument upon both sides, it is a serious matter also to embarrass the operations of a state officers in performing the duties imposed upon him by statute; it should not be done except in a clear case that he has transcended his power.
It appears that on December 14, 1926, the directors of the bank, acting under Section 3981, Vol. 3, Code 1922, passed a resolution requesting the state bank examiner to take and retain sole possession and control of the property and business of the bank for a period not exceeding 30 days.
The meeting of the directors had been called by the examiner for the purpose of considering the condition of the bank. The report of the examiner was submitted to the directors, which showed the hopeless insolvency of the bank.
In pursuance of that resolution, on the same day, the examiner took charge of the assets of the bank, as provided in the section referred to, for a period of 30 days.
On December 29, 1926, within the 30 days, and while in the actual possession of the assets of the bank, the examiner, upon two days' notice, applied to the Circuit Judge presiding in the circuit for the appointment of a receiver, upon the ground of the insolvency of the bank. It does not appear that any objection was raised to the length of the notice given, the respondents appearing resisting the motion, demurring to the petition, and suggesting the name of a receiver, upon failure of their demurrer.
The application for the appointment of a receiver was made under Section 3985, which authorizes the examiner, when he finds that a bank is insolvent, to apply for an order permitting him to take over the affairs of the bank, and to make proper application for the appointment of a receiver. His possession of the assets render it unnecessary to apply for the first order.
The position of the respondents is that, as the examiner was in possession under Section 3981, his only authority under that section was either to consent to the bank's resumption of business or to an order directing its liquidation, and that, upon the signing of such order, the directors ipso facto would become the liquidating trustees of the bank, with the powers and duties conferred by Section 4282, applicable to corporations generally; that he had no authority under these circumstances to proceed under Section 3985.
While, as pointed out in the case of Brown v. Hammet, 133 S.C. 446;131 S.E., 612, Sections 3981 and 3985 provide for "two distinct statutory proceedings," and if either is pursued to a finality the exclusion of the other is complete, there appears no reason why, if the proceeding instituted under Section 3981 should be abandoned, the examiner is precluded from proceeding under 3985. Section 3981 provides that neither the resumption of business nor the liquidation of the corporation can be accomplished without the consent of the examiner; if the proceeding under Section 3985 should be annulled, the respondents would be completely balked under Section 3981 by the examiner's withholding his consent. The fact that he is proceeding under Section 3985 is conclusive evidence that such consent would be withheld. He has evidently concluded that the affairs of the defunct bank can be best administered by a receiver, and I see no reason for interfering with the exercise of his judgment in the matter.
It is highly important that the affairs of the bank be energetically and speedily administered — a result which would be seriously embarrassed by the order now applied for.
The motion for a supersedeas is therefore refused.
T.P. COTHRAN,
 Associate Justice, Supreme Court of South Carolina. Greenville, S.C. January 8, 1927. *Page 434 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 435