May 12, 1932. The opinion of the Court was delivered by
The "Statement" contained in the "Transcript of Record" clearly and concisely sets forth the issues which are involved in this appeal. C.F. Rizer had on deposit about $24,000.00, in the Bank of Olar, a closed banking institution. G.M. Neeley is the receiver of this bank. A dividend of 5 per cent. was being distributed to the depositors of the bank by the receiver of the general assets, such a dividend on the deposit *Page 489 
of Mr. Rizer amounting to about $1,200.00. The receiver of the bank, Mr. Neeley, refuses to pay this dividend to Mr. Rizer, contending that it should be applied as a credit on a judgment which had been recovered in a stockholders' liability suit against Mr. Rizer, for the sum of about $19,000.00 in which suit R.F. Goodwin and J.E. Cook were the plaintiffs, on behalf of themselves and the other depositors of the Bank of Olar. R.D. Carter is the receiver of the stockholders' liability fund.
The depositor's suit to enforce the stockholders' liability was brought before the passage of the Act of 1929 (Act March 16, 1929 [36 St. at Large, p. 1994), and all parties have acquiesced in it as it was brought.
The receiver of the general assets of the Bank of Olar claims the right to apply the dividend in his hand, due on the deposit of C.F. Rizer, to the judgment, pro tanto, against Rizer on his stock liability. Rizer comes into Court by petition to compel Neeley, receiver, to pay to him the dividend declared on his deposit. Judge Townsend denied the prayer of the petition and ordered the dividend paid to Mr. Carter, receiver of the fund arising from the enforcement of the stockholders' liability.
This appeal comes from that order. We think his Honor was in error. There is no doubt that one indebted to a bank may offset against that indebtedness a claim due to him by the bank, because there is a mutuality of obligation between them. That mutuality is the very foundation of the right to offset. But in the present case there is no such mutuality. Neeley, as the receiver of the defunct Bank of Olar, is indebted to Rizer, a depositor of the bank, the amount of a dividend on his deposit. This dividend arises from the proceeds of the collection of the general assets of the bank. Rizer is indebted to Carter, the receiver of the fund arising from the enforcement of the stockholders' liability. What right has Neeley, as such receiver, to pay the dividend money of Rizer to Carter, receiver of another *Page 490 
fund? True, Carter, as such receiver, has a judgment against Rizer, but it has not been levied, and under our Code a judgment is not a lien on personal property until it is levied. His Honor, the Circuit Judge, was of the opinion that the ascertainment and application of assets of the bank to the payment of the obligations and determination of the stockholders' liability are within equity jurisdiction and the funds are in custodia legis. But his Honor overlooked the fact that the two funds here involved are derived from different sources and are payable to different persons. The receiver of the funds arising from the general assets may apply the funds in his hands to the obligations of the bank. He has no authority to apply them to an obligation arising from another source.
"The liability of stockholders to depositors, under the Constitution and statute, is not an asset of the bank, but is the basis of an individual, personal, joint right in the depositors, with which the corporation or its receiver or its board of liquidating trustees have absolutely nothing to do." Johnson v. Adams, 138 S.C. 415,136 S.E., 885, 887.
"That the liability of the stockholders to the depositors is an individual liability to the depositors only, and is not an asset of the bank, the receiver having nothing to do with it, is sustained also by the following authorities." (Citing them.) Ford v. Sauls, 138 S.C. 431, 136 S.E., 888, 889.
"The statutory liability of stockholders of a bank is a liability to the depositors. It is in no sense an asset of the bank, and with it the receiver has nothing to do." Ex parte Fant,147 S.C. 173, 145 S.E., 34, 37.
It is needless to cite other authorities. This is the recognized law of this State. It follows from its application that the Circuit Judge was in error in holding that the liquidating agent, in this case the receiver, should, in settling with the petitioner, deduct the dividend due petitioner as a depositor from the amount due by petitioner to the receiver of the *Page 491 
stockholders' liability fund. With the latter fund the receiver of the general assets of the bank "has nothing to do."
We think the learned Circuit Judge who heard this case was misled by the decision of the North Carolina case, In re.Carolina Bank Trust Company, 197 N.C. 613,150 S.E., 118. That case was governed by a North Carolina statute which makes the stockholder the debtor of the liquidating agent. If this present case turned upon the statute of 1929 of this State, the North Carolina case might be apt; but such is not the fact.
Again: It is sought to apply this dividend declared in favor of appellant to a judgment against him. May this be done in derogation of his homesteader's claim? We think that it cannot be done.
It follows from the views herein expressed that the judgment appealed from must be reversed. It is so ordered.
MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.