THOMAS A. E. LALLY, *as Receiver, Appellant,* v. J. A. ANDERSON *et al., Respondents.*[1]

[1]Reported in 78 P. (2d) 603.

*Thomas A. E. Lally* and *Williams & Redfield,* for appellant.

*Danson, Lowe & Danson* and *C. A. Orndorff,* for respondents.

MAIN, J.—This is an appeal from an order dismissing a proceeding supplemental to execution.

The facts which will present the question here for determination may be summarized as follows: The Exchange National Bank of Spokane closed its doors sometime in January, 1929. The comptroller of the currency appointed a receiver, who, subsequently, levied upon the stockholders a superadded liability assessment of one hundred per cent of the par value of the stock. One J. A. Anderson was the holder of one hundred seventy shares, and his assessment was $17,000, $4,000 of which he thereafter paid.

Shortly before the statute of limitation would have run against the balance due on his superadded liability, he gave a demand note to the receiver in the sum of $15,301.63. This was on January 15, 1931. A number of the. stockholders paid their assessments in full; others paid proportionately more than did Anderson. The note was not paid, and the receiver brought an action and recovered a judgment thereon, nothing having been paid on the judgment.

Subsequently, all the obligations of the bank having been paid, the stockholders, pursuant to Title 12, U. S. C. A., § 197, elected an agent to liquidate the balance of the assets. The receiver assigned to the agent the assets then in his possession and attempted to assign to the agent the judgment on the promissory note above mentioned. The stockholders' agent instituted a supplemental proceeding, and from the order dismissing that proceeding he has appealed.

The question for determination is whether, in view

of the fact that the obligations of the bank to its creditors have been fully discharged, the receiver had any right to assign the judgment to the stockholders' agent as a part of the assets.

Section 63, Title 12, U. S. C. A., provides that the stockholders of every national banking association shall be held individually responsible

". . . for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares; . . ."

This liability of the stockholders of national banks to an assessment, in the case of corporate insolvency, is a liability created by the statute for the sole benefit of the creditors. The liability does not grow out of any contract between the corporation and its stockholders. *Lantry v. Wallace,* 97 Fed. 865; *Delano v. Butler,* 118 U. S. 634, 30 L. Ed. 260, 7 S. Ct. 39; *Wingate v. Orchard,* 75 Fed. 241.

Section 192, Title 12, U. S. C. A., provides that, when the comptroller of the currency appoints a receiver for an insolvent bank,

"Such receiver, under the direction of the comptroller, shall take possession of the books, records, and assets of every description of such association, collect all debts, dues, and claims belonging to it, . . ."

Here is authority for the receiver to take possession of all the books, records, and assets of the failing institution. The statutory superadded liability is a collateral or secondary obligation in the nature of security for the benefit of the creditors. Such a liability is not an asset of the corporation, and the receiver, as such, has no interest in it. All money collected by the receiver from a stockholder by virtue of his double liability is received and held by him as a trustee for the creditors and the individual stockholder from

whom it was collected. The money is not held for the benefit of the corporation. 7 R. C. L. 389; *Ames v. American Nat. Bank,* 163 Va. 1, 176 S. E. 204; *Conway v. Owensboro Sav. Bank & Trust Co.,* 165 Fed. 822; *Minnesota State Bank v. Tabbott,* 184 Minn. 179, 238 N. W. 53; *Ex parte Rizer,* 165 S. C. 487, 164 S. E. 131.

■■ The superadded liability of the stockholder not being an asset of the corporation, the question arises whether the nature of that obligation was changed by reason of Anderson's having given his promissory note which was reduced to judgment. While the court will not go behind a judgment for the purpose of examining into the validity of the claim upon which it is based, the court is not precluded from ascertaining whether the claim was one of such a nature that the court is authorized to enforce it. When justice requires it, the judgment will generally be construed, not as a new debt, but as an old debt in a new form.

In *Wisconsin v. Pelican Ins. Co.,* 127 U. S. 265, 32 L. Ed. 239, 8 S. Ct. 1370, it was said:

"The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it; and the technical rules, which regard the original claim as merged in the judgment, and the judgment as implying a promise by the defendant to pay it, do not preclude a court, to which a judgment is presented for affirmative action, (while it cannot go behind the judgment for the purpose of examining into the validity of the claim,) from ascertaining whether the claim is really one of such a nature that the court is authorized to enforce it. [Citing authorities.]"

In *Gould v. Svendsgaard,* 141 Minn. 437, 170 N. W. 595, it is said:

"The law of merger does not forbid all inquiry into the nature of the cause of action. If the prevailing party was entitled to certain privileges, or exemption

from certain burdens, under his contract he may be entitled to the same privileges and exemptions under his judgment. Whenever justice requires it, the judgment will generally be construed not as a new debt but as an old debt in a new form. *Gregory Co. v. Cale*, 115 Minn. 508, 133 N. W. 75, 37 L. R. A. (N. S.) 156; *Donald v. Kell*, 111 Ind. 1, 11 N. E. 782; Freeman, Judgments, § 244."

It thus follows that, if the liability of Anderson as a stockholder was not an asset in the hands of the receiver, as we have seen, it would seem to necessarily follow that the giving of the note and obtaining of the judgment did not change the basic character of the obligation. If this be true, as we believe it to be, then the appellant's "theory of substituted obligation" arising out of the giving of the note is not material.

The right of stockholders who have paid more than their proportionate share to contribution from other stockholders who have paid less than their proportionate share is not before us in this proceeding, and we express no opinion thereon as to what the holding would be if a proper action was brought for that purpose.

The order appealed from will be affirmed.

STEINERT, C. J., GERAGHTY, HOLCOMB, and SIMPSON, JJ., concur.